IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

E.M.,                                    :
                                         :
        Plaintiff,                       :
                                         :        CIVIL ACTION FILE NO.
        v.                               :        1:22-cv-02559-WMR
                                         :
TUCKER INN, INC., d/b/a,                 :
AMERICA'S BEST VALUE INN,                :
                                         :
        Defendant.                       :
                                         :

**<u>PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO
EXCLUDE THE REPORT AND TESTIMONY OF DEFENDANT'S
REBUTTAL EXPERTS DAVID S. PRESCOTT AND DR. KIMBERLY
MEHLMAN-OROZCO</u>**

Pursuant to the Court's June 7, 2023, scheduling order, both parties' expert

witness disclosures were due on July 28, 2023.  Doc. No. 72. Plaintiff E.M. timely

disclosed two expert witnesses, Naeshia McDowell, MPH, and Dr. Randy Atlas, CP,

FAIA, CPTED.[1]  Defendant did not disclose any expert witnesses at that time.

On Saturday, August 26, 2023, Defendant disclosed two rebuttal experts,[2] "to

rebut the opinions of Plaintiff's expert witness, Naeshia McDowell[.]" *See* Doc. No.

83. Of note, Defendant's first disclosure only included reports regarding a plaintiff

---

[1] Plaintiff's experts' reports are attached as Exhibit 1 (Ms. McDowell's Report),
and Exhibit 2 (Dr. Atlas's Report).
[2] Defendant disclosed David S. Prescott and Dr. Kimberly Mehlman-Orozco as
rebuttal experts to Ms. McDowell.

in another case, D.H., and not the Plaintiff in this case, E.M. *Id*. On September 5, 2023, eight days after the Federal Rule of Civil Procedure 26(a)(2)(D)(ii) thirty-day deadline, Defendant filed an amended disclosure, publishing its "rebuttal" experts' opinions to Plaintiff E.M. for the first time. *See* Doc. No. 86. Both disclosures indicated that Defendant's "rebuttal" experts' opinions were offered to rebut the opinions of Ms. McDowell only; they did not notice any rebuttal experts for the opinions of Plaintiff's security expert, Dr. Atlas. *Id.* at 1–2.

Upon review of the reports of Defendant's alleged "rebuttal" experts, it appears Defendant regrets failing to disclose any affirmative experts and is instead attempting to disguise affirmative expert testimony as "rebuttal" testimony. The opinions of Defendant's alleged "rebuttal" expert witnesses are almost entirely devoid of rebuttal and consist primarily of opinions on topics other than those of Plaintiff's expert(s). While rebuttal testimony is permissible, shoehorning in additional expert opinions under the guise of "rebuttal" is not. Because Defendant's rebuttal experts' opinions far exceed the reasonable bounds of rebuttal, they should be excluded, in whole (as to Prescott) and in part (as to Dr. Mehlman-Orozco).

Furthermore, Dr. Mehlman-Orozco's opinions include attacks on Plaintiff's lawyers as well as irrelevant opinions about "secondary exploitation" and other topics, discussed below. Besides being offensive and unprofessional, Defendant's expert's opinions about Plaintiff's attorneys are irrelevant to the case itself. Due to

these defects, Plaintiff respectfully requests that this Court exclude the report and testimony of Mr. Prescott and portions of the report and testimony of Dr. Mehlman-Orozco pursuant to Federal Rule of Civil Procedure 26(a)(2), *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, and Federal Rules of Evidence 702 and 403.

## ARGUMENT AND CITATION OF AUTHORITY

**I.** **Mr. Prescott's and Dr. Mehlman-Orozco's opinions are improper rebuttal evidence because they address central issues that have been known by Defendant to exist since the inception of the lawsuit and are pertinent to Defendant's defense.**

"A defense witness whose purpose is to contradict an expected or anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal expert' or anything analogous to one." *Morgan v. Com. Union Assurance Co.*, 606 F.2d 554, 555 (5th Cir. 1979). "The principal objective of rebuttal is to permit a litigant to counter new, unforeseen facts brought out in the other side's case." *Jones v. USMoney Source, Inc.*, No. 1:99-CV-1522A-JEC, 2000 WL 36690423, at *14 (N.D. Ga. Aug. 10, 2000). As such, a proponent may not transform evidence that addresses issues central to the case or evidence that is pertinent to its defense into rebuttal evidence. In *Jones*, the proponent offered a rebuttal expert witness whose testimony addressed central issues in the case. *Id.* The court found that the testimony was improper rebuttal evidence, noting:

[The proponent] knew that these issues were the central questions to be resolved in the instant lawsuit and should have prepared an expert to testify from the inception . . . "When a party knows that a contested matter is in the case, yet fails to address it in a timely fashion, he scarcely can be heard to complain that the trial court refused to give him a second nibble at the cherry."

*Id.* (internal citation omitted).

Here, not only do the opinions of Mr. Prescott and portions of the opinions of Dr. Mehlman-Orozco fail to directly respond to or contradict the opinions of Ms. McDowell and Dr. Atlas, as discussed *supra* section II, but their relevant opinions also address central issues of this case and Defendant's defense. A review of Defendant's affirmative defenses confirms Defendant was aware of such central issues from the inception of this case. *See* Doc. No. 12 at 1–10. Notably, Defendant's experts' "rebuttal" opinions directly support its Second, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and Fourteenth Affirmative Defenses. *Id*. For example, Defendant's Thirteenth Affirmative Defense states "Plaintiff cannot recover against this Defendant because Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act, or failure to act, by Defendant or its agents." Doc. No. 12 at 4. In direct support of its Thirteenth Affirmative Defense, Defendant's expert witness states "E.M. was complicit in her own victimization." Doc. No. 86 at 9. As another example, Defendant's Seventh Affirmative Defense states that "Plaintiff's alleged damages were caused by a superseding and intervening act, which was beyond the knowledge or control of

Defendant." Doc. No. 12 at 3. Directly bolstering this affirmative defense, Dr. Mehlman-Orozco opines that "[s]ex trafficking is a clandestine crime," "[s]ex trafficking victims are difficult to identify and are frequently misidentified," and "[u]ltimately, under typical circumstances, if trafficking is encountered, the encounter is more likely than not unwitting. Doc. No. 86 at 93, 138. Likewise, Mr. Prescott directly supports this affirmative defense by opining "…the concept of trying to identify when someone is a victim of sexual misconduct or when sexual misconduct is occurring is very old and can be challenging" and "[s]exual misconduct evades even the strictest controls." *Id.* at 9. Therefore, it is evident that Defendant understood that the testimony of Mr. Prescott and Dr. Mehlman-Orozco addressed issues central to this case and its defense, yet chose not to name them as affirmative experts nonetheless.

Defendant's experts do not resemble true rebuttal experts and are, instead, late-disclosed affirmative experts masquerading as rebuttal experts. And federal courts routinely exclude improper rebuttal expert opinions, "even if the consequence is to preclude a party's entire claim or defense." *Kroll* 2020 WL 4793444, at *5; *see generally Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348-49 (11th Cir. 2004) (excluding untimely expert report); *see also Nelson v. IPALCO Enters. Inc.*, No. IP02477CHK, 2005 WL 1924332, at *8-9 (S.D. Ind. Aug. 11, 2005); *Ohio State Troopers Ass'n, Inc.*, 2020 WL 1666763, at *8. Thus, the opinions and testimony

of Mr. Prescott and Dr. Mehlman-Orozco should be excluded because they address central issues to this case that have been known by Defendant prior to its deadline to name Rule 26(a)(2)(B) affirmative expert witnesses. *Jones*, 2000 WL 36690423, at 14.

## II.  The opinions offered by Mr. Prescott and portions of the opinions offered by Dr. Mehlman-Orozco are improper rebuttal evidence because they do not rebut or contradict Ms. McDowell's opinions.

The Federal Rules of Civil Procedure limit rebuttal opinions to "evidence *intended solely to contradict or rebut evidence* on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C) . . . ." Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis supplied). The relevant 'subject matter' that rebuttal testimony must contradict or respond to is the specific contentions made by the other party's experts. *Little v. Ford Motor Co.*, No. 1:16-CV-00931-ELR, 2017 WL 6994586, at *8 (N.D. Ga. Dec. 21, 2017) (citing *Tuscumbia City Sch. Sys. v. Pharmacia Corp.*, No. CV-12-S-332-NW, 2014 WL 12605648, at *1 (N.D. Ala. Sept. 3, 2014) (internal citation omitted) ("In the context of expert reports, the relevant 'subject matter' is the specific contentions made by the other party's experts."); *Northrup v. Werner Enter., Inc.*, No. 8:14-cv-1267-T-27JSS, 2015 WL 4756947, at *3 (M.D. Fla. Aug. 11, 2015) (citing *In re Puda Coal Sec. Inc., Litig.*, 30 F. Supp. 3d 230, 252 (S.D.N.Y. 2014)) ("[I]f the adverse party has not raised an issue to which such evidence is responsive, it is not 'rebuttal' evidence"); *Johnson v. PetSmart, Inc.*, No. 606CV-

1716-ORL-31UAM, 2007 WL 3024029, at *1 (M.D. Fla. Oct. 15, 2007) (citing FED. R. CIV. P. 26(a)(2)(C)) (Rebuttal evidence is "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by another party.")).

### A. Mr. Prescott's opinions do not contradict or respond to Ms. McDowell's opinions.

The opinions offered in Mr. Prescott's "rebuttal" expert report neither contradict nor respond to the opinions offered in Ms. McDowell's expert report. In fact, his two-page "rebuttal" report contains opinions on matters that Ms. McDowell *did not opine on.* After providing her qualifications and background in human trafficking, Ms. McDowell provides a history of Commercial Sexual Exploitation of Children (CSEC) and background on the etiology and psychology of sex trafficking. Mr. Prescott does not address these matters at all. Thereafter, Ms. McDowell's expert assessment and opinion was limited to four specific questions regarding Plaintiff. Those are:

1. What, if anything, made the victim vulnerable to Commercial Sexual Exploitation of Children (CSEC)?
2. What methods, if any, did the victim's trafficker use to exploit the victim?
3. Why did the victim not try to escape or seek help earlier?
4. What sort of effects, if any, has the trafficking had on this victim?

Ex. 1 at 15.

Mr. Prescott's report does not address any of these questions or respond to any of Ms. McDowell's opinions regarding E.M. Instead, Mr. Prescott offers six unique opinions, largely focusing on the difficulties in apportioning fault (opinions 1, 6, and some of 2) and the difficulties in identifying sexual misconduct, predicting trauma, and the victims thereof (opinions 2–5). Doc. No. 86 at 8–9.[3] Again, none of these six opinions are matters on which Ms. McDowell's opined. In fact, Mr. Prescott's report only makes one reference to Ms. McDowell's report where he surmises that the Expert Report for the Plaintiff (authored by Naeshia McDowell) identifies other traumatizing events. Doc. No. 86 at 9. This reference is utilized to support Mr. Prescott's opinion that "it is not possible to quantify whether and to what extent, if any, E.M. suffered trauma specific to her stay at Defendant's hotel." Doc. No. 86 at 8. However, Ms. McDowell never attempts to quantify E.M.'s trauma specific to her stay at Defendant's hotel. Therefore, Mr. Prescott's opinion as to this matter is not rebuttal testimony, but in fact, affirmative opinion, and in this instance, improper.

Further, the six topics Mr. Prescott opines on are similarly absent from Ms. McDowell's report. Mr. Prescott's opinions are:

> "1. E.M.'s victimization did not start nor end at the Defendant's hotel. As a result, it is not possible to quantify whether and to what extent, if any, E.M. suffered trauma specific to her stay at the Defendant's hotel. . . ." *Id.*

---

[3] Pages identified are the pdf page numbers of Doc. No. 86.

As aforementioned, Ms. McDowell does not opine on the issue of apportionment of fault among tortfeasors.

"2. E.M. was complicit in her own victimization." *Id.* at 9.

This shocking opinion about a 16-year-old victim of minor sex trafficking does not rebut anything in Ms. McDowell's report as she does not offer an opinion on whether E.M. was complicit in her own victimization.

"3. This type of lawsuit is new, but the concept of trying to identify when someone is a victim of sexual misconduct or identify when sexual misconduct is occurring is very old and can be challenging." *Id.*

Ms. McDowell does not offer opinions on the concept of identifying sexual misconduct.

"4. Sexual misconduct evades even the strictest controls." *Id.*

Ms. McDowell does not offer opinions on the controls used to identify sexual misconduct.

"5. Not all questionable conduct is sexual misconduct." *Id.*

Ms. McDowell does not offer any opinion that all questionable conduct is sexual misconduct.

"6. There is no evidence of E.M. having suffered trauma/PTSD or sexual assault trauma exclusively attributable to the Defendant's hotel." *Id.*

Again, Ms. McDowell does not offer opinions regarding apportionment of fault among tortfeasors.

As can be seen by the juxtaposition between Ms. McDowell's expert report and Mr. Prescott's "rebuttal" expert report, Mr. Prescott is neither contradicting nor responding to Plaintiff's expert. Rather, Defendant's expert is offering affirmative opinions and independent analysis on topics Ms. McDowell does not address, such as apportionment of fault among tortfeasors, identification of individuals who are actively experiencing sex trafficking, minor Plaintiff's "complicity" in her own sex trafficking, controls used to identify sexual misconduct, and whether all questionable conduct is sexual misconduct. *See* Doc. No. 86.  These opinions are far outside the scope of permissible rebuttal expert opinion. *Northrup*, 2015 WL 4756947 at *3 (citing *In re Puda Coal Sec. Inc., Litig.*, 30 F. Supp. 3d at 252 ("[I]f the adverse party has not raised an issue to which such evidence is responsive, it is not 'rebuttal' evidence"). Thus, Mr. Prescott's report is impermissible rebuttal evidence under Rule 26(a)(2)(D)(ii) and should be excluded. *Little*, 2017 WL 6994586 at *8; *See also Ohio State Troopers Ass'n, Inc. v. Point Blank Enter., Inc.*, 2020 WL 1666763, at *8 (S.D. Fla April 3, 2020) (excluding Defendant's rebuttal expert's opinions where those opinions did not specifically rebut any assertions of the Plaintiff's expert); *Flamingo South Beach I Condo. Ass'n, Inc., v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 21-26 (11th Cir. 2012) (upholding order striking a purported rebuttal expert report because it was not "solely in rebuttal" to the opposing party's expert); *Home Design Servs., Inc. v. Hibiscus Homes of Fla., Inc.*,

No. 603CV1860ORL19KRS, 2005 WL 2465020, at *4-5 (M.D. Fla. Oct. 6, 2005) (striking parts of rebuttal report which went beyond identifying purported flaws in opposing expert's analysis and which offered independent analysis not tied to the opposing expert's report); *Allgood v. Gen. Motors Corp.*, No. 1:02-cv-1077, 2007 WL 647496, at *1-2 (S.D. Ind. Feb. 2, 2007) (striking rebuttal report which introduced new testimony as to damages).

### B. Portions of Dr. Mehlman-Orozco's opinions fail to contradict or rebut Ms. McDowell's opinions.

Dr. Mehlman-Orozco's "rebuttal" report includes thirteen (13) sections and four (4) appendices. Doc. No. 86 at 80–81. Yet, the report dedicates a mere 7 pages, a single section, to rebutting the testimony of Plaintiff's experts.[4] This is in stark contrast to the fifty pages she devotes to her own affirmative opinions and independent analysis, including opinions regarding data on human trafficking and the misidentification of human trafficking victims.  To compare her report to Ms. McDowell's and Dr. Atlas's is a simple matter.  Following an introduction, Dr. Mehlman-Orozco's report includes the following topics beyond the scope of rebuttal:

---

[4] Again, Defendant did not disclose any rebuttal experts for Dr. Atlas's opinions. Yet Dr. Mehlman-Orozco offers five pages of opinions regarding Dr. Atlas's report. As she was not disclosed as a rebuttal expert to Dr. Atlas, these opinions are improper and untimely, and that is reason enough to exclude them. Fed. R. Civ. P. 26(a)(2)(D)(ii). However, to the extent the Court considers Defendant's rebuttal of Dr. Atlas, it is addressed herein.

**IV. Human Trafficking Overview:** Dr. Mehlman-Orozco provides an overview of human trafficking, labor trafficking, and sex trafficking. Doc. No. 86 at 95. Her opinions related to labor trafficking should be excluded because the topic is not discussed or at issue in Plaintiff's expert's reports.

Dr. Mehlman-Orozco provides lengthy discussion on the increase in public awareness of human trafficking, including commentary about and opinions on the adoption and purpose of the Trafficking Victims Protection Act (TVPRA), Georgia's anti-trafficking legislation, and her perceived gaps between the human trafficking narrative and reality. Doc. No. 86 at 96. These opinions should be excluded because they do not rebut any of Plaintiff's experts' reports.

Dr. Mehlman-Orozco opines that misidentification may be caused, in part, by "vague and sometimes conflicting legal definitions." Doc. No. 86 at 97.   Dr. Mehlman-Orozco's opinions on this topic should be excluded because the topic is not discussed or at issue in Plaintiff's experts' reports.[5]

**VI. Misidentification of Human Trafficking Victims:** In this section, Dr. Mehlman-Orozco details her beliefs and opinions about legislators leaving "key aspects of the legal definition" intentionally vague to achieve legislative consensus, and her belief that this results in the indiscriminate conflation of legal concepts and

---

[5] It should also be excluded because it is improper under *Daubert*, see below at Section 3.B.

misidentifications of victims.   Doc. No. 86 at 109. These opinions should be excluded because these topics are not discussed or at issue in Plaintiff's expert's reports.[6]  Further, Dr. Mehlman-Orozco provides commentary and opinions about the frequent misidentification of victims by law enforcement and medical health providers.  *Id*. at 109–111. These opinions should be excluded because these topics are not discussed or at issue in Plaintiff's experts' reports.

**XII. Secondary Exploitation:** Dr. Mehlman-Orozco opines on her perception that "tort attorneys" are secondarily exploiting the topic of trafficking generally as well as sex trafficking victims specifically. These opinions, including Dr. Mehlman-Orozco's opinions about the motives behind sex trafficking litigation and efforts to hold third parties liable, should be excluded because these topics are not discussed or at issue in Plaintiff's experts' reports.[7]

The opinions contained in the foregoing portions of Dr. Mehlman-Orozco's report neither contradict nor respond to Plaintiff's experts' reports. These opinions are far outside the scope of permissible rebuttal expert opinion. *Northrup*, 2015 WL 4756947 at *3 (citing *In re Puda Coal Sec. Inc., Litig.*, 30 F. Supp. 3d at 252 ("[I]f the adverse party has not raised an issue to which such evidence is responsive, it is not 'rebuttal' evidence"). Thus, these portions of Dr. Mehlman-Orozco's report are

---

[6] They should also be excluded because it is improper under *Daubert*, see below at Section 3.B.

[7] These topics are also improper under *Daubert,* see below at Section 3.B.

impermissible rebuttal evidence under Rule 26(a)(2)(D)(ii) and should be excluded.

*Little*, 2017 WL 6994586 at *8.[8]

**III.   Defendant cannot rely on the deposition testimony of Plaintiff's experts as a basis for their rebuttal opinions as these depositions were taken after Defendant's experts' rebuttal reports were disclosed to Plaintiff.**

The uncontroverted record establishes that Defendant's experts completed their reports prior to the depositions of both Naeisha McDowell, MPH and Dr. Randy Atlas, CP, FAIA, CPTED.  Defendant had every opportunity to name its expert witnesses prior to the July 28, 2023, deadline. Instead, Defendant disclosed its rebuttal experts on Saturday, August 26, 2023. Doc. No. 83. Eight days after Defendant's deadline to disclose its rebuttal experts' reports, those reports were published to Plaintiff. Doc. No. 86. Nearly a month after Defendant's purported "rebuttal" expert reports were due, Ms. McDowell's

---

[8] Further supporting that these are Dr. Mehlman-Orozco's independent, affirmative opinions is the fact that retaining Dr. Mehlman-Orozco in civil sex trafficking cases has become *de riguour* for hotel defendants. Thus, nearly identical reports have been filed—all as affirmative reports—in numerous sex trafficking cases in this district, including with this Court. *See, e.g., H.B. v. Red Roof Inns, Inc.*, 1:22-cv-01181-JPB [Doc. No. 90]; *see also Jane Doe 1, et al. v. Westmont Hospitality Group, Inc. et al.*, Case No. 1-21-cv-04278-WMR [Doc. No. 321-1]. To be sure, "if an expert does not act like a rebuttal expert, does not appear to be a rebuttal expert, does not write like a rebuttal expert, and does not actually rebut an opposing expert, then he must not be a rebuttal expert. Alternatively, if an expert acts like a direct expert, appears like a direct expert, writes like a direct expert, and provides expert opinions which do not rebut the opponent's expert because they are direct, affirmative opinions, then he must be a direct expert." *Kroll v. Carnival Corp.*, No. 19-23017-CIV, 2020 WL 4793444, at *7 (S.D. Fla. Aug. 17, 2020).

deposition was taken on September 19, 2023. Doc. No. 85. Nearly two months after Defendant's purported "rebuttal" expert reports were due, Dr. Atlas's deposition was taken on October 24, 2023.  Doc. No. 92.  Defendant never amended either expert's report to include opinions related to the testimony of either Ms. McDowell or Dr. Atlas, and it is too late to do so now. Doc. No. 86.

To the extent that Defendant argues its experts relied on Plaintiff's experts' deposition testimony, this reliance is improper.  The rules require Defendant to file a report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them" Fed. R. Civ. Pro. 26(a)(2)(B)(i)-(vi). Defendant's experts never disclosed their reliance on Plaintiff's experts' unknown future testimony, and as discussed above, the facts and data in existence at the time Defendant's rebuttal expert opinions were disclosed (i.e., Plaintiff's experts' reports) do not provide a basis for their improper rebuttal opinions. Permitting Defendant to engage in this sort of gamesmanship would fly in the face of the rule's purpose: to prevent unnecessary surprise and to give both parties a fair opportunity to respond to the testimony of their experts. *Harrison v. Burlage*, 2009 WL 10701411, at *2 (S.D. Fla. Sept. 18, 2009) (citing *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000)); *See also* Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment ("[26(a)(2)] imposes an additional duty to

15

disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination.").

Furthermore, if Defendant alleges its experts relied on the *unknown* future deposition testimony of Plaintiff's experts as a justification for their overreaching "rebuttal" opinions, this only further underscores the improper nature of its experts' opinions. Were their opinions proper rebuttal opinions, Defendant would not have to bend logic and time to defend them. As such, this argument, as well as Defendant's attempt to game its later depositions of Plaintiff's experts by asking them questions solely related to Defendant's "rebuttal" experts' opinions, is merely a backdoor attempt to shoehorn its experts' opinions into the category of rebuttal evidence.[9]  This is improper. Again, as stated in *Jones*, "[t]he principal objective of rebuttal is to permit a litigant to counter new, *unforeseen* facts brought out in the other side's case." (emphasis supplied). Defendant cannot possibly argue that Plaintiff's experts' opinions were new and unforeseeable

---

[9] In compliance with Rule 26(a)(2)(B), Plaintiff's experts' reports contain a complete statement of all opinions the experts will express at trial, and Defendant's attempt to broaden the scope of Plaintiff's experts' opinions during their deposition by asking them questions related solely to the "rebuttal" opinions of Defendant's experts does not change the fact that Plaintiff's experts do not, and will not, opine on such topics.

while simultaneously arguing that its experts preemptively rebutted the future unknown testimony of Plaintiff's expert witnesses.

For these reasons, Defendant's rebuttal experts cannot be permitted to rely on the deposition testimony of Plaintiff's experts as the basis for its "rebuttal" experts' opinions.

## IV.   Portions of Defendant's experts' reports should be excluded as irrelevant.

Federal Rule of Evidence 702 and the Supreme Court's opinion in *Daubert* generally govern the admissibility of expert testimony. *Daubert* requires trial courts to act as "gatekeep[er]" and screen the admissibility of all expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

As the gatekeeper, the Court must "engage in a rigorous three-part inquiry" to determine whether any expert should be permitted to offer their opinions. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). The Court must consider whether: "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable;" and (3) the testimony, through the application of the witness's expertise, assists the trier of fact "to understand the evidence or to determine a fact at issue." *Id*.

Expert Testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591. Evidence is relevant if "(a) it has

any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. This analysis is "one of fit." *Daubert*, 509 U.S. at 591.

###   A.    Section XII of Dr. Mehlman-Orozco's expert report should be excluded because it is not relevant to any issue.

Dr. Mehlman-Orozco's report opines that "tort attorneys" are "secondarily exploiting" their clients and putting forth false "altruistic" reasons for doing so. Doc. No. 86 at 139. Taken in context, these are clearly references to Plaintiff's attorneys' representation of Plaintiff. The sole purpose of these opinions is to impugn the undersigned attorneys' integrity and professional services. Attacks on Plaintiff's attorneys are not of consequence in determining the actual legal issues in this case, i.e., whether Defendant illegally allowed prostitution and sex trafficking at their hotel that harmed Plaintiff. Further, none of the references to secondary exploitation or Plaintiff's attorneys have any tendency to make any fact more or less probable. Plaintiff's attorneys have nothing to do with the material facts of the case, which occurred years before Plaintiff's attorneys met the Plaintiff. Rather than opine on topics related to sex-trafficking to logically advance any material aspect of the underlying case, this section of Defendant's expert's report makes the argument that it is Plaintiff's *attorneys* who are exploiting her, not Defendant.

As this Court recently held, Dr. Mehlman-Orozco's opinions regarding "secondary exploitation" are irrelevant and should be excluded from the jury's

consideration. *Jane Does 1-4 v. Red Roof Inns, Inc., et al.*, Case No. 1:21-cv-4278-WMR. This Court ruled that Dr. Mehlman-Orozco's opinions would be excluded as irrelevant, stating "It doesn't matter what Plaintiff's lawyers' motives are or what may happen at airports... It's just not relevant . . . I don't know why it was included in the report to start with. Certainly no one could have really ever thought it was going to [be] admissible in this case." *Jane Does 1-4*, Case No. 1:21-cv-4278-WMR, (Oct. 23, 2023) (transcript at 55:3-11).[10]

Dr. Mehlman-Orozco's opinions on "secondary exploitation" are unrelated to any issue in the case and fail to "logically advance" any "material aspect" of the case. *Allison v. McGhan Medical Corp.*, 183 F. 3d 1300, 1312 (1999). That is because those opinions are not "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993). As such, Section XII of Dr. Mehlman-Orozco's report should be excluded.

---

[10] Plaintiff is precluded from attaching a copy or excerpts of the Oct. 23rd hearing to this reply until 90 days after the hearing. Plaintiff will therefore email a copy of the relevant discussion to the Court under separate cover.

**B.**     **Dr. Mehlman-Orozco's opinions about the TVPRA's efficacy are similarly inadmissible.**

As this Court also held,[11] Dr. Mehlman-Orozco should also be precluded from providing her opinions on the TVPRA's advisability or effectiveness, and more specifically, whether the TVPRA is "vague." Dr. Mehlman-Orozco writes, "It is believed that key aspects of the legal definition [of the TVPRA] were intentionally left vague in order to achieve legislative consensus, but this has resulted in the indiscriminate conflation of legal concepts and misidentification of victims." Doc. No. 86 at 109. Mehlman-Orozco Report at 31). But whatever unnamed persons might have believed this, and whatever Dr. Mehlman-Orozco's feelings are about their judgment, they are not relevant to whether Defendant is liable under the TVPRA.

The impermissibility of such testimony should not surprise Defendant's counsel, or Dr. Mehlman-Orozco, whose opinions on the propriety of other statutes have been excluded at least once before. In *United States v. Lacey*, the Defendants —former officers, executives, and employees of Backpage.com—were indicted on a series of criminal charges related to their operation of the website and allegations that they knew it was used for prostitution and took steps to facilitate that activity. Case No. CR-18-00422-001-PHX-SMB, 2020 WL 6290489, at *1 (Oct. 27, 2020).

---

[11] *Jane Does 1-4*, Case No. 1:21-cv-4278-WMR, (Oct. 23, 2023) (transcript at 39:13-14).[11]

The court prohibited Dr. Mehlman-Orozco, as the Defendants' expert, from testifying about the effect of imposing liability on Backpage for advertisements placed by third parties or any other policy testimony because "the propriety of holding someone accountable for violating a criminal statute is not the role of the jury." Id. at *11. Just as the Lacey court prohibited Dr. Mehlman-Orozco from testifying on the effects of imposing criminal liability under that statute, this Court should prohibit her from testifying on the propriety of the TVPRA's civil liability provisions. Dr. Mehlman-Orozco's personal or professional opinions of the TVPRA, its standards, or the effects of holding hotel defendants accountable under the TVPRA are irrelevant and inappropriate.

## CONCLUSION

The opinions offered by Mr. Prescott and portions of the opinions offered by Dr. Mehlman-Orozco are improper rebuttal evidence because they do not contradict or respond to Ms. McDowell's or Dr. Atlas's opinions. Furthermore, Dr. Mehlman-Orozco's opinions regarding "Secondary Exploitation," including her opinions about Plaintiff's attorneys, are irrelevant, improper, and unprofessional. Her opinions regarding the wisdom of federal legislation are also irrelevant and improper. Based on the foregoing, Plaintiff respectfully asks that this Court exclude the above opinions of Defendant's "rebuttal" experts.

Respectfully submitted this 2nd day of January, 2024.

**ANDERSEN, TATE, and CARR, P.C.**

*/s/ Patrick J. McDonough*

Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Trinity Hundredmark
Georgia Bar No. 140808
thundred@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1D, Counsel certifies that the foregoing document complies with the font and point selections approved by the Court in L.R. 5.1.C. This document was prepared using Times New Roman 14-point font.

Respectfully submitted this 2nd day of January, 2024.

**ANDERSEN, TATE, and CARR, P.C.**

**_/s/ Patrick J. McDonough_**
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Trinity Hundredmark
Georgia Bar No. 140808
thundred@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
_Attorneys for Plaintiff_

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| E.M., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE NO. |
| v. | : | 1:22-cv-02559-WMR |
| | : | |
| TUCKER INN, INC., d/b/a, | : | |
| AMERICA'S BEST VALUE INN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that Plaintiff by and through her attorneys delivered a true and correct copy of the foregoing, filed with the Court in the above-styled case, by electronic service through filing in the Court's electronic case files ("ECF") system which will automatically send notification of such filing to the attorneys of record.

Respectfully submitted this 2nd day of January, 2024.

**ANDERSEN, TATE, and CARR, P.C.**

**/s/ Patrick J. McDonough**
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Trinity Hundredmark
Georgia Bar No. 140808
thundred@atclawfirm.com
Jonathan S. Tonge

24

Georgia Bar No. 303999
jtonge@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile