# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| E.M., | |
| Plaintiff, | |
| | CIVIL ACTION FILE NO. |
| v. | |
| | 1:22-CV-02559-WMR |
| TUCKER INN INC. d/b/a AMERICA'S BEST VALUE INN, | |
| Defendant. | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF DEFENDANT'S REBUTTAL EXPERTS DAVID S. PRESCOTT AND KIMBERLY MEHLMAN-OROZCO

COMES NOW, TUCKER INN INC. d/b/a AMERICA'S BEST VALUE INN ("Defendant"), and hereby files this brief in opposition to Plaintiff's Motion to Exclude the Report and Testimony of Defendant's Rebuttal Experts David S. Prescott and Dr. Kimberly Mehlman-Orozco, showing this Court as follows:

## INTRODUCTION

This matter arises from Plaintiff's claims that she was trafficked for sex at Defendant's property. In support of her claims, Plaintiff identified two experts to provide opinions and testimony on her behalf. Randall Atlas, Ph.D. was identified to provide opinions concerning the safety measures and policies and procedures in

place at the property around the time of the alleged trafficking and how those conditions allegedly caused or contributed to Plaintiff's alleged trafficking. Naeshia McDowell, MPH, was identified to provide opinions related to the trauma inflicted on Plaintiff as result of the trafficking in order to support her damages claim in this litigation. In response, Defendant identified David Prescott, LICSW, and Kimberly Mehlman-Orozco, Ph.D. as timely disclosed rebuttal experts. Due to an inadvertent mistake at the time of filing, Defendant included the rebuttal expert reports of Prescott and Dr. Mehlman-Orozco from a different case filed by a sex trafficking victim against this same Defendant.[1] (See ECF 83, Defendant's Disclosure of Rebuttal Expert Testimony).  Upon learning of this error, Defendant immediately amended the expert disclosure to provide the rebuttal expert reports relevant to this action. (See ECF 86, Defendant's Amended Disclosure of Rebuttal Expert Testimony). In addition to filing its Disclosure of Rebuttal Experts, Defendant also served Plaintiff with a copy of its Supplemental Discovery Responses on August 25, 2023, which identified its expert rebuttal witnesses, along with a description of the subject matter of their testimony, fact and opinions, and a summary of the grounds for their opinions. (See Def. Supp. Interr., attached

---

[1] Notably, the "different case" mentioned above is *D.H. v. Tucker Inn, Incorporated d/b/a Super 8 by Wyndham*, 1:22-cv-03419-JPB, in which the parties previously made an agreement to use the same discovery for both cases.

hereto as Exhibit A.) As such, even without the expert reports, on August 25, 2023, Plaintiff became aware of the subject matter upon which Defendant's rebuttal experts were providing opinions.

Plaintiff contends that the opinions set forth in the expert reports of Defendant's rebuttal experts do not directly rebut the opinions of Plaintiff's experts as outlined in their reports, and therefore should be excluded. However, Plaintiff fails to recognize that Defendant's rebuttal experts challenge and contradict the underlying opinions Plaintiff's experts which were provided in their Reports and expanded upon during their depositions. The mere fact that Defendant's rebuttal experts may not use the same language or methodologies as Plaintiff's experts does not discount their challenge of the subject matter upon which Plaintiff's experts opine.

It is significant that Plaintiff does not assert that Defendant's rebuttal experts are unqualified or that their opinions are insufficient to satisfy a <u>Daubert</u> challenge.[2] Instead, Plaintiff's challenge to these rebuttal experts appears to be limited to Plaintiff's assertion that Prescott and Dr. Mehlman-Orozco were incorrectly identified as rebuttal experts when they should have been identified as

---

[2] While Defendant disputes that Plaintiff has alleged a <u>Daubert</u> challenge against Defendant's rebuttal expert witnesses, to the extent that this Court finds such an allegation was made, Defendant respectfully requests a <u>Daubert</u> hearing for the Court to determine that issue.

primary experts and that some of the rebuttal opinions offered are irrelevant. Therefore, for the reasons outlined more fully herein, Prescott and Dr. Mehlman-Orozco are properly qualified to provide rebuttal opinions in this case, their opinions satisfy the reliability prong of <u>Daubert</u> and Fed. R. Evid 702, and their rebuttal opinions properly relate to the subject matter of the testimony and opinions set forth by Plaintiff's experts. Accordingly, Defendant respectfully moves this Court to deny Plaintiff's Motion to Exclude the Reports and Testimony of Defendant's Rebuttal Expert Witnesses.

<u>**ARGUMENT AND CITATION TO AUTHORITY**</u>

I.     <u>Standard of Review for the Admissibility of Rebuttal Testimony</u>

As Plaintiff correctly states, the Federal Rules of Civil Procedure limit rebuttal opinions to "evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C). Fed. R. Civ. P. 26(a)(2)(D)(ii). The term "same subject matter" as used in Rule 26(a)(2)(D)(ii) has been construed broadly. <u>Northrup v. Werner Enter., Inc.</u>, No. 8:14-cv-1627-T-27JSS, 2015 WL 4756947, at *2 (M.D. Fla. Aug. 11, 2015). Often, a rebuttal expert is permitted to use new methodologies for the purpose of rebutting the assumptions of another expert. See <u>Ohio State Troopers Ass'n, Inc. v. Point Blank Enterprises, Inc.</u>, No. 18-CV-63130, 2020 WL 1666763,

at *9 (S.D. Fla. Apr. 3, 2020); see also Fuller v. SunTrust Banks, Inc., No. 1:11-CV-784-ODE, 2019 WL 5448206, at *22 (N.D. Ga. Oct. 3, 2019). "Courts are empowered to exercise their discretion and judgment in determining if a rebuttal expert report addresses the same subject matter as the opposing party's initial expert report." Lebron v. Royal Caribbean Cruises, Ltd., No. 16-24687-CIV, 2018 WL 3583002, at *2 (S.D. Fla. July 26, 2018). It is not necessary for the training and expertise of a rebuttal expert to be identical to that of the expert he or she is rebutting. Lebron, 2018 WL 3583002, at *2, *6. Importantly, as the Eleventh Circuit has ruled, "the rejection of expert testimony is the exception rather than the rule." Moore v. Intuitive Surgical, Inc., 995 F.3d 839, 850 (11th Cir. 2021).

II.    The opinions of Dr. Mehlman-Orozco and Prescott are proper rebuttal evidence on material issues in this case.

There is no requirement that Defendant must have an expert witness in their case-in-chief. In this case, until receiving Plaintiff's expert disclosures and reports on July 28, 2023, Defendant was unaware that Plaintiff's planned to rely on expert witnesses and, similarly, was unaware of what opinions any such experts might provide. Even if this Court were to find that the rebuttal opinions of Dr. Mehlman-Orozco and Prescott address central issues in this case, "the fact that [expert testimony] would have been more proper for the case-in-chief does not preclude the testimony if it is proper both in the case-in-chief and in rebuttal." *ITT Corp. v.*

_Xylem Grp., LLC_, No. 1:11-cv-3669-WSD, 2012 WL 12871632, at *3 (N.D. Ga. Oct. 15, 2012) (quoting Donell v. Fid. Nat'l Title Agency of Nev., No. 2:07-cv-00001-KJD-PAL, 2012 WL 170990, at *3–5 (D. Nev. Jan. 20, 2012)). Moreover, prior to Plaintiff's expert disclosures, Defendant did not know that Plaintiff's expert witnesses would opine that her trauma and any resultant psychological effects were derived solely from her time at the Defendant's hotel, especially when evidence of numerous other traumatic events involving E.M., including prior trafficking events, was disclosed during the discovery period. Thus, Prescott's opinions regarding the difficulty in apportioning trauma and any psychological effects therefrom properly rebuts McDowell's conclusions in this case. Moreover, Prescott's opinion on this subject matter is not new evidence that Defendant could have presented in its case-in-chief, but rather challenges the conclusion of Plaintiff's trauma expert given the facts developed throughout the discovery period. Dr. Mehlman-Orozco also challenges McDowell's expansive opinions as to the identification of E.M. as a victim of sexual exploitation.

Similarly, the opinions of Dr. Atlas were not obvious or foreseeable. Dr. Atlas is a criminologist and security design professional who took it upon himself to comment on sex trafficking – a topic of which he admittedly has no expertise and very little knowledge – and provided opinions that Defendant should have

been aware of Plaintiff's sex trafficking. For these reasons, Defendant's rebuttal experts should be permitted to address and rebut "central issues" of this case as the subject matter of Plaintiff's experts. Further, as a practical matter, Plaintiff's argument makes no common sense. Plaintiff's experts opine on issues and topics that are central to this case and Defendant's rebuttal experts are rebutting those opinions, so it naturally follows that the rebuttal opinions are going to speak to the central issues and allegations of the case.

Even if this Court were to find that Dr. Mehlman-Orozco and Prescott are not rebuttal experts, and instead, are late-disclosed primary experts, this Court has discretion to allow their testimony. Indeed, the inclusion of Defendant's experts in this case would be harmless. See Fed. R. Civ. P. 37(c)(1); Monopoly Hotel Group, LLC v. Hyatt Hotels Corp., 291 F.R.D. 684, 689—90 (N.G. Ga. 2013) (holding that even if disclosure of rebuttal expert was untimely, the extreme remedy of exclusion was not warranted because the delay was substantially justified by the complexities of the case and materials for expert review, and it was harmless to Plaintiff who had time to depose him, no pending motions, and no evidence of prejudice having received the report later in time). The opinions provided in Prescott's and Dr. Mehlman-Orozco's reports are not prejudicial to Plaintiff because they offer opinions on the same subject matter as Plaintiff's experts.

Defendant's experts were sufficiently disclosed before trial and before any dispositive motion deadline, and were available for depositions, which Plaintiff declined. Defendant's experts were also identified and their proper expert reports were disclosed sufficiently in advance of the depositions of Plaintiff's expert witnesses, where they were questioned about many of the opinions offered by Defendant's experts. Thus, even if this Court finds that Defendant's experts are not proper rebuttal experts, their admissibility is not prejudicial to Plaintiff, and they should be permitted to offer expert opinion testimony on material issues in this case.

III. <u>David Prescott's Rebuttal Opinions Should be Permitted Because They Squarely Address Testimony and Opinions Proffered by Plaintiff's Expert Naeshia McDowell.</u>

**A.  Prescott's Rebuttal Opinions Squarely Address Testimony and Opinions Proffered by Plaintiff's Expert Naeshia McDowell.**

Plaintiff wrongly argues that Prescott's opinions are outside the scope of acceptable rebuttal testimony and should be excluded because his opinions "neither contradict nor rebut the opinions offered in Ms. McDowell's expert report." (ECF Doc. 106-1, p. 7.) Prescott actually offers opinions that rebut each of the areas in which McDowell focused her assessment and opinions. The totality of McDowell's opinions is that Plaintiff was vulnerable to becoming a victim of trafficking and

once she became a victim, she was exploited by her trafficker, which caused her long-term psychological effects. (<u>See</u>, <u>generally</u>, Expert Report of Naeshia McDowell (hereinafter, "McDowell Report"), ECF Doc. No. 104, pp. 17-20). McDowell also provides extensive opinions regarding why Plaintiff did not attempt to escape or seek help and the effects that the trafficking had on Plaintiff. (<u>Id.</u>, 19-20). Prescott's rebuttal opinions are proper and should be admitted because he addresses the same subject matter, and specifically, these points. For example, McDowell provided opinions in both her report and deposition regarding why Plaintiff did not try to escape or seek help. Prescott's opinions regarding Plaintiff's complicity, no matter how "shocking" as characterized by Plaintiff, directly rebuts McDowell's testimony on that issue. (Expert Report of David Prescott (hereinafter "Prescott Report"), ECF Doc. No. 86, Exhibit A, p. 9; McDowell Report, pp. 13, 19). Similarly, McDowell opined that youths are groomed by their traffickers to distrust law enforcement and service providers to prevent disclosure of their victimization. (McDowell Report, p. 13.) In direct rebuttal, Prescott opined that it can be challenging to identify when someone is a victim of sexual misconduct or when sexual misconduct is occurring. (Prescott Report, p. 9). This is not a new opinion, but instead, rebuts McDowell's testimony about the identification of victims and her opinion that the hotel allowed E.M. to be trafficked at the hotel.

(See McDowell Report, p. 19). Likewise, Prescott's opinions regarding the impossibility of attributing trauma caused solely by the Plaintiff's trafficking at Defendant's hotel to Plaintiff's overall condition speaks directly to McDowell opinions regarding the long-term psychological effects the trafficking had on Plaintiff. (McDowell Report, p. 20). Plaintiff argues that McDowell did not quantify E.M.'s trauma resulting from her stay at the ABVI, and therefore, Prescott's opinions on the subject are not proper rebuttal testimony. But that view of rebuttal testimony is too restrictive. McDowell offered an opinion about the trauma and effects of that trauma suffered by E.M. and Prescott simply challenges McDowell's conclusion that E.M.'s trauma and psychological effects were caused solely by being trafficked at the ABVI by highlighting McDowell's discussion of E.M.'s lengthy history of traumatic events and opinion that the "sting operation was invasive." (McDowell Report, p. 20; Prescott Report, p. 9). Indeed, this highlights an issue with McDowell's testimony, which Defendant raised in its Daubert challenge against her[3] – that she fails to consider other theories of

---

[3] While Defendant contends that McDowell is not qualified to provide such opinions in this matter and has challenged the admissibility of McDowell's opinions on this topic in a separate Daubert challenge, to the extent that McDowell is allowed to proffer such testimony, Prescott should be able to provide rebuttal testimony to refute McDowell's testimony that certain characteristics that Plaintiff now exhibits were caused by her time at the Defendant's property and the existence of other her other traumas.

causation for E.M.'s psychological effects. Accordingly, despite Plaintiff's assertions, Prescott's opinions in this case directly rebut opinions and testimony set forth by McDowell and, as such, should not be excluded.

Further, Prescott's rebuttal opinions are relevant and proper because this case involves matters that are beyond the understanding of the average lay person. U.S. v. Frazier, 387 F.3d 1244, 1264 (11th Cir. 2004). Plaintiff alleges that she sustained trauma that has manifested itself in various ways and affects her ability to life a normal life. In support of this claim, Plaintiff relies on McDowell's expert testimony to guide the jury as to the impact of this trauma on her, both physically and emotionally. Prescott's expertise is in assessing, treating, and preventing interpersonal and sexual violence and he has provided extensive training on the topic. (See, generally, Prescott Report, p. 7, 11-77.) His experience also includes working closely with victims of various types of abuse. Id. Prescott's experience and training provides an invaluable perspective for the jury to consider when evaluating the facts in this case, as the average lay person does not have knowledge of the intricacies of the psychological effects, or lack thereof, caused by allegedly traumatic experiences. While both McDowell and Prescott agree that it is impossible to quantify the amount of alleged trauma sustained by Plaintiff during her time at the Defendant's property in order to apportion the damage caused by

that trauma to Defendant, the conceptual subject matter is well beyond the knowledge of an average layperson and expert testimony that meets the requirements of <u>Daubert</u> and Fed. R. Evid. 702 – both primary and rebuttal – should be properly permitted. (Deposition of Naeshia McDowell, 132:8-14; Prescott Report, p. 8).

IV. <u>Dr. Mehlman-Orozco's Rebuttal Opinions Should be Permitted Because They Squarely Address Testimony and Opinions Proffered by Plaintiff's Expert Naeshia McDowell and Are Directly Based on Relevant Issues in this Case.</u>

Plaintiff contends that portions of Dr. Mehlman-Orozco's opinions fail to contradict or rebut the opinions provided by Naeshia McDowell, but that is simply not the case. It is well-settled that an expert may be used for rebuttal if that expert offers evidence that is "intended solely to contradict or rebut evidence on the *same subject matter* identified by" the affirmative expert of another party. Fed. R. Civ. P. 26(a)(2)(D)(ii). McDowell's report provides sections of her opinions pertaining to "Vulnerabilities that Placed E.M. at risk of CSEC (Commercial Sexual Exploitation of Children)", "Recruitment and Grooming Strategies Used by E.M.'s Traffickers", "Long Term Implications of Commercial Sexual Exploitation of Children on E.M." (<u>See</u>, generally, McDowell Report.) In addition to these opinions, the McDowell Report contains nine (9) pages of the context for her opinions styled as "Section II. Background: What is Human Trafficking and the

Commercial Sexual Exploitation of Children?"; and "Section III. The Etiology of the Commercial Sexual Exploitation of Children and its Implications", which includes the following subsections: "A. Vulnerabilities that Place Youth at Risk of CSEC"; "B. Recruitment and Grooming Strategies Employed by Sex Traffickers"; and "C. Long Term Implications of Commercial Sexual Exploitation of Children." (See McDowell Report, p.2). Of course, this too, is subject matter upon which McDowell is providing testimony. As such, it is a part of her expert report that can be rebutted or contradicted by Dr. Mehlman-Orozco or Prescott. Indeed, district courts have ruled that this "same subject matter" for rebuttal experts to offer testimony is to be construed broadly. See Northrup, 2015 WL 4756947, at *2. Courts are directed to exercise their discretion and judgment when determining whether a rebuttal expert, such as Dr. Mehlman-Orozco, addresses the same subject matter as in McDowell's report. ITT Corp., 2012 WL 12871632, at *3.

Moreover, Federal Rule of Civil Procedure 26 requires that an expert report that must contain: "(i) a complete statement of all opinions the witnesses will express and the **basis and reasons for them**; [and] (ii) **the facts or data considered by the witness in forming [her opinions]**." Fed. R. Civ. P. 26(a) (emphasis added). Dr. Mehlman-Orozco's report complies with this requirement by providing the contextual support and basis for her rebuttal opinions. Although

Plaintiff highlights that Dr. Mehlman-Orozco's report contains only 7 pages of rebuttal opinion, her report consists of 57 other pages that provide the necessary basis for her expert opinions that contradict McDowell and Dr. Atlas. The sheer length of this background section is not sufficient evidence to support an argument that she expresses improper opinions outside the scope of the opinions set forth by McDowell. Rather, the length of the background section is directly proportionate to Dr. Mehlman-Orozco's experience and expertise on the topic of sex trafficking. The structure of her report is clear from Dr. Mehlman-Orozco's table of contents, which indicates that she discusses a general overview of human trafficking – just like McDowell did in her report where she discussed, "What is Human Trafficking and the Commercial Sexual Exploitation of Children?" Dr. Mehlman-Orozco also provides background on the "Misidentification of Human Trafficking Victims", which directly relates to McDowell's background on the issue of "Vulnerabilities that Place Youth at Risk of CSEC" and her opinion regarding "Vulnerabilities that Placed E.M. at risk of CSEC". (See McDowell Report., p.2; see also Mehlman-Orozco Report, p.2). Accordingly, Dr. Mehlman-Orozco's opinions, and the basis thereof, properly rebut the same subject matter as proffered by McDowell.

Additionally, Dr. Mehlman-Orozco is robustly qualified and is considered a leading criminologist, social scientist, author, trainer, and consultant on human

trafficking identification and investigation.[4] In fact, Plaintiff did not dispute that Dr. Mehlman-Orozco is qualified to offer expert opinions on the topic of sex trafficking. Dr. Mehlman-Orozco earned her Ph.D. in criminology, and she practices as social scientist, making the study of human trafficking the centerpiece of her career. The sheer magnitude of Dr. Mehlman-Orozco's evidence-based research and involvement in the subject matter stands in stark contrast to Plaintiff's experts who have not completed any peer-reviewed research or studies on the topic of sex trafficking. It is obvious that Plaintiff appreciates Dr. Mehlman-Orozco's expertise on the topic because she did not attempt to challenge Dr. Mehlman-Orozco's expert qualifications.

Thus, Dr. Mehlman- Orozco's rebuttal opinions are reliable and based upon

---

[4] Indeed, she has been qualified to offer opinions as an expert on the topic of human and sex trafficking in courts across the country. E.g., People of the State of New York against Kareem Abdur Razzaq and People of the State of New York against Kareem Lemuel Skipper (Supreme Court of the State of New York. May 29, 2018) ("Dr. Mehlman-Orozco is a researcher who has studied and written extensively on human trafficking…All three of the People's experts testified credibly."); United States v. Woods, 2020 (D. N.M. Nov. 05, 2020) ("Dr. Mehlman-Orozco considers herself a leading expert in cases on sex trafficking and the Court agrees with that self-description."); United States v. Bhula, 2022 WL 17618483, at *3 (D. N.M. Dec. 13, 2022) ("The Court finds that Dr. Mehlman-Orozco is qualified to testify as an expert. She possesses relevant advanced degrees, has published papers that are relevant to her field of study, and has testified as an expert in state and federal courts, including this Court."); and see Olin, 332 F. Supp. 3d at 832 (considering whether proffered expert had previously been qualified to testify on relevant issues).

current and relevant science and research, as shown through her expert report and relevant citations. It is significant that the only portions of Dr. Mehlman-Orozco's Report that Plaintiff challenged in her Brief were the sections on Human Trafficking Overview, Misidentification of Human Trafficking Victims, and Secondary Exploitation. (See ECF 106-1, p. 12-13). Plaintiff argues that these topics were not discussed or at issue in Plaintiff's experts' reports, and therefore, are improper for rebuttal testimony. But, as discussed above, these topics covered by Dr. Mehlman-Orozco are not her expert opinions but rather, offer an explanation of her education, training, and research on the subject, which provides the basis for her rebuttal opinions. Furthermore, these topics were, in fact, discussed by McDowell in her report. Dr. Mehlman-Orozco's "lengthy discussion on the increase in public awareness of human trafficking" is relevant to McDowell's opinion that the hotel allegedly turned a blind-eye to prostitution, which she claims led to the sexual exploitation of E.M. as a minor. (See ECF 106-1, p. 12; McDowell report, p. 19). Plaintiff also takes issue with Dr. Mehlman-Orozco's comments about the misidentification of human trafficking victims as being outside the scope of a rebuttal opinion, but this topic was also specifically addressed by McDowell in detail. On pages 12 and 13 of McDowell's report, she discusses why a youth may not seek help and how "laypersons will often

misperceive a youth's susceptibility to the ploys of a trafficker as the youth choosing to be a willing participant in their exploitation." (See ECF 106-1, pp. 12-13). This is directly relevant to Dr. Mehlman-Orozco's comments about the misidentification of victims and supports her challenge of the opinions by McDowell and Dr. Atlas regarding the hotel's identification of E.M. as a victim of sex trafficking.

Plaintiff also argues that Dr. Mehlman-Orozco's offers opinions about secondary exploitation that are improper rebuttal testimony and irrelevant. Defendant disagrees with this argument, which is discussed more fully in the next section of this Brief.

Plaintiff further attempts to box the rebuttal opinion testimony into the four corners of the expert reports of Plaintiff's experts, but that misconstrues the law surrounding rebuttal opinions. Rebuttal experts are not restricted to the reports of Plaintiff's experts, especially because rebuttal experts may have different qualifications or may utilize different methodologies to challenge an opposing party's expert. See Ohio State Troopers Ass'n, Inc., 2020 WL 1666763, at *3 (holding that "it is not necessary for the training and expertise of a rebuttal expert to be identical to that of the expert he or she is rebutting.") (citing Lebron, 2018 WL 3583002, at *2, *6); See also United States ex rel. Raven, 2018 WL 11220441,

at *5 (finding that the rebuttal expert was, in fact, a rebuttal expert because he offered a different methodology to contradict the opposing expert's conclusions). Here, Dr. Mehlman-Orozco's different methodology, extensive expertise, training, and research does not prevent her from offering opinions that are different than McDowell. As a rebuttal expert, she can comment on, challenge, and rebut McDowell's opinions, or how McDowell derived those opinions, and that is exactly what she has done.

By failing to challenge the other portions of her expert report or qualifications, Plaintiff has conceded that Dr. Mehlman-Orozco is qualified to offer expert opinions on sex trafficking and that the majority of her expert report is relevant and admissible if properly determined to be rebuttal testimony.

    a. **Dr. Mehlman-Orozco's comments on Secondary Exploitation are relevant and proper rebuttal testimony that should not be excluded.**

Unable to challenge Dr. Mehlman-Orozco's clear and robust expertise, Plaintiff makes frail arguments in attempt to unduly and improperly limit her opinions in this case. Plaintiff's motion to exclude or limit portions of Dr. Mehlman-Orozco's report as irrelevant should be denied because her report contains a thorough background of her research, studies, and experience with sex trafficking and human trafficking cases. Obviously, sex trafficking is main issue in

this case and Dr. Mehlman-Orozco offers rebuttal opinions on the indicators, vulnerabilities, manipulations, victimization, and trauma related to sex trafficking victims, all of which were addressed by McDowell in her expert report and during her deposition. In seeking to limit Dr. Mehlman-Orozco's report, Plaintiff argues that her opinions regarding secondary exploitation should be excluded as irrelevant and improper rebuttal testimony. As an initial matter, Dr. Mehlman-Orozco's opinions on secondary exploitation do not provide new expert opinions or testimony with respect to this case, but instead merely provides additional context for the basis of her rebuttal opinions which challenge the causal connection between E.M.'s psychological effects and the trauma experienced at the Defendant's hotel. The totality of McDowell's expert report and testimony focuses on the exploitation of E.M. to conclude that she was exploited at Defendant's hotel and suffered trauma as a result of that exploitation. (See, generally, McDowell Report). Dr. Mehlman-Orozco properly challenges this opinion by offering an explanation of secondary exploitation that could also account for some of the trauma experienced by E.M., especially by the time of trial. She does not opine that Plaintiff's counsel in this case exploited E.M., but merely notes that "when evaluating the present claim, it is important for any trier of fact to be aware of the risk of secondary exploitation." (See Mehlman-Orozco Report, p. 62). Where

McDowell and Prescott both comment about the various traumas experienced by E.M. prior to her trafficking at Defendant's hotel and such opinions are certainly relevant to the issue of damages in this case, Dr. Mehlman-Orozco comments that E.M.'s exploitation could have continued since the subject incident, which is also relevant to the issue of damages. McDowell specifically offered testimony on this topic in which she discussed how effects of trauma from exploitation may continue long after the physical harm. (See McDowell Report, pp. 14-15, 20). While the semantics might be different between the experts' reports, the sentiment is the same. Defendant disagrees with Plaintiff's assertion that commentary on secondary exploitation is irrelevant because such repeated exploitations are synonymous with repeated or continuous trauma, which is directly relevant to Plaintiff's claim for damages resulting from the trauma and pain and suffering that allegedly flowed from her time at the Defendant's hotel.

Plaintiff also takes issue with Dr. Mehlman-Orozco's secondary exploitation section claiming that she is targeting Plaintiff's counsel, but that is not a fair representation or interpretation of her statement. Citing to her own extensive empirical research, scholarship in the field, training, publications and review of court documents, Dr. Mehlman-Orozco merely explains her expert observations that such victimization or exploitations continue to happen where the victims have

to continue telling their stories. Thus, Dr. Mehlman-Orozco's opinions on this topic are not improper, irrelevant, or impermissibly targeting Plaintiff's counsel. Importantly, part of Plaintiff's arguments in this case presumably will be how traumatic reliving the events of the trafficking are for Plaintiff. Dr. Mehlman-Orozco's opinions on this topic are relevant and should be permitted to allow the jury to consider and weigh these arguments where Plaintiff, by choosing to file this litigation, has necessarily had to recount and relive the details of her trafficking on several occasions. Accordingly, the jury should be permitted to consider the effects, if any, of the recounting and the concept of secondary exploitation.

Moreover, Dr. Mehlman-Orozco proffers no opinion or testimony on the statistical prevalence of this phenomenon or any legal conclusion on whether Plaintiff has suffered in secondary exploitation in this case. Rather, her opinion is limited to its indisputable existence, which generally accepted within the field. Therefore, the Plaintiff's argument seeking the exclusion of the section on secondary exploitation is misguided.

Although Plaintiff refers to a recent ruling by this Court in a separate sex trafficking case regarding Dr. Mehlman-Orozco's opinions on this topic, that case is distinguishable from the instant case. In that case, Dr. Mehlman-Orozco was not providing rebuttal expert testimony and was instead offering an affirmative

opinion. Additionally, unlike the present matter, the opinion in that case specifically mentioned Plaintiff's counsel. Ultimately, Dr. Mehlman-Orozco's opinion on secondary exploitation in that case was withdrawn and she was not tendered as an expert to provide opinions on that issue, so a written order excluding the opinion was not issued. This case is different. McDowell provides opinions as to exploitation and causation opinions regarding Plaintiff's trauma in her Report and Dr. Mehlman-Orozco's comments regarding a contradictory concept is relevant and permissible. Here, Dr. Mehlman-Orozco makes no specific mention whatsoever regarding Plaintiff's counsel in relation to her comments on the concept of secondary exploitation and the concept is relevant to a material issue of this case: damages.

        b.   **Dr. Mehlman-Orozco's comments on efficacy of the TVPRA are not improper or irrelevant and should not be excluded.**

Plaintiff's attempt to exclude alleged opinions about the efficacy of the TVPRA is also unfounded. Dr. Mehlman-Orozco does not proffer opinions on the efficacy of the TVPRA, but instead cites to research that evaluates anti-trafficking efforts and identification protocol from those studying the topic of sex trafficking. (See Mehlman-Orozco Report, p. 31). Dr. Mehlman-Orozco's statement is also tied into the issue of misidentification of trafficking victims, which was addressed by McDowell and neglected by Dr. Atlas in his report and methodology despite his

offer of such expansive opinions on sex trafficking. Accordingly, Dr. Mehlman-Orozco should be permitted to offer the background and basis of her rebuttal opinions to include misidentification of trafficking victims and ways that researchers have concluded this occurs.

V.    <u>Dr. Mehlman-Orozco's Rebuttal Opinions Should be Permitted Because They Rebut the Assumptions, Methodology, and Opinions Proffered by Plaintiff's Expert Dr. Randall Atlas.</u>

For many of the same reasons asserted throughout this Response Brief, Dr. Mehlman-Orozco appropriately rebuts the opinions proffered by Dr. Atlas. Dr. Mehlman-Orozco heavily challenges Dr. Atlas' opinions on the topic of sex trafficking given his lack of knowledge, research, or expertise on the topic. For this same reason, Defendant filed a motion seeking to exclude Dr. Atlas. Dr. Atlas makes sweeping legal conclusions through his expert report and Dr. Mehlman-Orozco challenges his qualifications and experience to make such conclusions – namely that sex traffickers and sexual predators allegedly felt comfortable and safe operating their enterprise at the subject hotel. Given Dr. Mehlman-Orozco's extensive experience on the topic of sex trafficking, she highlights the lack of Dr. Atlas' expertise on the subject and his failure to consider much of the empirical data, research, and studies that could and should have been reviewed and considered during his process in forming his opinions.

Contrary to Plaintiff's assertion, Defendant properly identified and disclosed Dr. Mehlman-Orozco as providing expert opinions to rebut those of McDowell and Dr. Atlas in its Supplemental Discovery Responses served on August 25, 2023, which identified its expert witnesses, the subject matter of their testimony, fact and opinions, and a summary of the grounds for such opinions. (<u>See</u> Exhibit A, Def Supp. Interr.)

VI. <u>Defendant's rebuttal experts can properly rely upon the deposition testimony of Plaintiff's experts as a basis for their rebuttal opinions in addition to their expert reports.</u>

Defendant's experts did not rely upon "unknown future testimony" of Plaintiff's experts in forming the opinions in their reports. The rebuttal opinions of Dr. Mehlman-Orozco and Prescott have been thoroughly addressed above as rebutting the same subject matter proffered by Plaintiff's experts' reports. Plaintiff's experts were deposed by defense counsel and during those depositions, counsel explored the bounds of the opinions of both McDowell and Dr. Atlas, all of which was not contained within their expert reports and provide additional opinions to which Defendant's experts can now plan to rebut. At the time of disclosure, however, Defendant's experts' reports did not rely upon the deposition testimony of Plaintiff's experts. Nor is the more in-depth deposition testimony of Plaintiff's experts necessary to demonstrate how Defendant's experts indeed

properly rebutted the same subject matter and challenged specific opinions.

## **CONCLUSION**

For the reasons set forth herein, the opinions of David Prescott and Dr. Kimberly Mehlman-Orozco have been properly proffered as rebuttal opinions in this case and are based on sufficiently reliable principles that are directly relevant to refute the opinions set forth by Plaintiff's experts. Accordingly, Plaintiff's motion should be denied, and David Prescott and Dr. Kimberly Mehlman-Orozco should be permitted to provide rebuttal testimony in this case.

Respectfully submitted, this 16th day of January, 2024.

**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

By:        */s/Kori E. Wagner*_____
KORI E. WAGNER
Georgia Bar No.: 155438
MARISSA H. MERRILL
Georgia No. 216039
TRACY A. GILMORE
Georgia Bar No. 633193
*Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

By:          ***/s/Kori E. Wagner***_____
KORI E. WAGNER
Georgia Bar No.: 155438
MARISSA H. MERRILL
Georgia No. 216039
TRACY A. GILMORE
Georgia Bar No. 633193
*Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 16th day of January, 2024, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **<u>DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF DEFENDANT'S REBUTTAL EXPERT DAVID S. PRESCOTT AND KIMBERLY MEHLMAN-OROZCO</u>** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

By:        ***/s/Kori E. Wagner***
           KORI E. WAGNER
           Georgia Bar No.: 155438
           MARISSA H. MERRILL
           Georgia No. 216039
           TRACY A. GILMORE
           Georgia Bar No. 633193
           *Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

4869-8855-9517, v. 1

-27-