IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| E.M., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE NO. |
| v. | : | |
| | : | 1:22-cv-02559-WMR |
| | : | |
| TUCKER INN INC., d/b/a | : | |
| AMERICA'S BEST VALUE INN, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF DEFENDANT'S REBUTAL EXPERTS DAVID S. PRESCOTT AND DR. KIMBERLY MEHLMAN-OROZCO**

Simply put, Defendant failed to adhere to the requirements of Rule 26(a)(2). Regardless, Defendant implores the Court to permit its experts to testify, notwithstanding its Rule 26(a)(2) failures, by asking the Court to take its word that Plaintiff would not be prejudiced from the now seven-month delay in disclosure. But Plaintiff stands to be undeniably prejudiced, and Defendant fails to demonstrate a substantial justification for its non-compliance.

Due to its failure, Defendant attempts to force-fit its late-disclosed affirmative experts into the category of rebuttal by arguing that its experts' opinions are "relevant" to the subject matter addressed by Plaintiff's affirmative experts. But that

1

is not the standard. What's more, Defendant's experts' opinions address material issues in this case that directly support its affirmative defenses. For these reasons, Defendant's experts' opinions cannot be categorized as rebuttal experts and are instead late-disclosed affirmative expert opinions that should be excluded.

## ARGUMENT

I. **The inclusion of Defendant's experts in this case as affirmative experts would fly in the face of this Court's earlier-issued orders, prejudice the Plaintiff, and upend the orderly course of litigation.**

Expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Morin v. United States*, 534 F. Supp. 2d 1179, 1189 (D. Nev. 2005) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). Compliance with Rule 26's expert witness disclosure requirements is mandatory and self-executing. *Thibeault v. Square D. Co.*, 960 F.2d 239, 244 (1st Cir. 1992); *See also Reese v. Herbert*, 527 F.3d 1253 (11th Cir. 2008) ("[C]ompliance with the requirements of Rule 26 is not merely aspirational."). If a party fails to disclose information or witnesses required by Rule 26, it cannot use that information or witness unless "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *See also Knight ex rel. Kerr v. Miami-Dade Cnty.*, 856 F.2d 795, 811–812 (11th Cir. 2017). Defendant bears the burden to show that its failure was

substantially justified or that the failure to make timely disclosures was harmless to Plaintiff. Fed. R. Civ. P. 37(c)(1); *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004).

Federal courts routinely exclude expert opinion testimony where "an expert is masquerading as a rebuttal expert because the [defendant] missed the deadline for expert witness disclosures and tried to cure that mistake by strategically and incorrectly attaching the 'rebuttal expert' designation to the tardily-disclosed expert." *Kroll v. Carnival Corp.*, 2020 WL 4793444, at *5 (S.D. Fla. Aug. 17, 2020); *See also Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348–49 (11th Cir. 2004) (excluding untimely expert report); *Flamingo South Beach I Condo. Ass'n v. Selective Ins. Co. of Southeast*, 492 Fed. App'x 16, 21–26 (11th Cir. 2012) (upholding the district court's decision to strike a purported rebuttal expert report because it was not "solely in rebuttal" to the opposing party's affirmative expert's affidavit or reports).

Defendant offers no explanation for its failure to timely disclose any affirmative expert opinions. Instead, it simply asks the Court to take its word that Plaintiff would not be prejudiced because its rebuttal experts opine on the same subject matter as Plaintiff's experts[1], and Plaintiff had opportunity to depose

---

[1] To be sure, offering opinions on the same general subject matter are not enough. As discussed *infra* 8–14, Defendant's experts' "rebuttal" opinions must contradict

3

Defendant's rebuttal experts.[2] Doc. No. 113 at 7–8. In doing so, Defendant disregards (i) this Court's earlier-issued orders and its proactive case management, (ii) the fact that the discovery and motions schedule has been pushed back at least once already, (iii) the fact that Plaintiff already disclosed her affirmative experts, (iv) the fact that the deadline for disclosing an affirmative expert was over seven months ago, (v) the fact that Defendant missed both the affirmative expert disclosure deadline and the 26(a)(2)(D)(ii) rebuttal expert deadline when it failed to attach the reports of its experts related to this case[3], (vi) the fact that Defendant could have filed a motion to extend discovery to permit a proper disclosure, but failed to do so (vii) the analysis under Rule 37(c)(1), which is far more rigorous than whether

---

or rebut the specific contentions of Plaintiff's experts. Fed. R. Civ. P. 26(a)(2)(D)(ii); *Little*, 2017 WL 6994586, at *8.

[2] Defendant's blatant disregard for the rules gives it a clear edge, and simply deposing its experts will not cure the harm caused to Plaintiff. Specifically, if Defendant's experts were qualified by this Court and permitted to testify as to the full scope of their opinions, some of Defendant's experts' opinions on material issues would go unrefuted by testimony from a witness with equal authority and legitimacy. That is because in asking this Court eight months after discovery has closed and seven months after expert disclosures were due to permit their experts to testify on matters outside the scope of proper rebuttal testimony, Defendant has deprived Plaintiff of an opportunity to offer her own rebuttal experts. These unchallenged opinions will prejudice the jury, and ultimately lead to an unjust outcome.

[3] "In order to make a proper disclosure, parties must, by the deadline, disclose the identity of their experts 'accompanied by a written report.' This written report 'must contain a complete statement of all opinions the witnesses will express and the basis and reasons for them' and 'the facts or data considered by the witness in forming them.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 717 (11th Cir. 2019) (quoting Fed. R. Civ. P. 26(a)(2)(B)(i)–(iii)).

4

Defendant was willing to offer its witness for deposition, and (viii) the fact that, if permitted, such tactics would "completely upend the orderly course of litigation" by creating unfair prejudice to Plaintiff, causing inefficiencies and delays, and undermining the rules of evidence and procedure. *See Kroll* 2020 WL 4793444, at *5.

Because Defendant cannot show its failure was substantially justified or harmless, it should not be permitted to use its experts as either affirmative experts or rebuttal experts.

**II.    Defendant's experts' opinions are improper rebuttal evidence because they address central issues that have been known by Defendant to exist since the inception of the lawsuit and are pertinent to Defendant's defense.**

Defendant has known of the issues central to this case, and the issues central to its own defense since the inception of this lawsuit.  In fact, Defendant does not dispute that its experts' "rebuttal" opinions directly support at least eleven separate affirmative defenses it outlined in its Answer. *See* Doc. No. 106-1 at 3–6; *See generally* Doc. No. 113.  Therefore, Defendant's "rebuttal" experts are not being offered "solely to contradict or rebut," as is required by Fed. R. Civ. P. 26(a)(2)(D)(ii), but rather, their opinions are providing direct evidence to support Defendant's affirmative defenses. *See Doc*. No. 106-1 at 3–6; *See also* Doc. No. 12 at 1–10. But "a defendant cannot smuggle an expert witness who will testify on its affirmative defenses into the rebuttal slot and thereby deprive a plaintiff of an

5

opportunity to offer her own rebuttal expert opinion." *Rodriguez v. Clear Blue Ins. Co.*, 2024 WL 229424, at *3 (M.D. Fla Jan. 22, 2024) (quoting *Progressive Select Ins. Co.*, 2023 WL 5940306, at *2 (M.D. Fla Sep. 13, 2023)).

Even if a portion of Defendant's experts' opinions contradict or rebut Plaintiff's expert's opinions, "disagreeing with a [plaintiff's] expert on matters related to a [defendant's affirmative defense] does not transform a [defendant's] expert into a rebuttal expert and thereby permit a [defendant] to evade a case management and scheduling order." *Rodriguez.*, 2024 WL 229424, at *2 (quoting *Bell v. Progressive Select Ins. Co.*, 2023 WL 5940306, at *2 (M.D. Fla. Sept. 13, 2023); *Compare, e.g.,* Doc. No. 86 at 9, Prescott Report ("Although there is no doubt that E.M. was victimized and exploited, the nature of crimes committed were such that E.M. was a participant.") *and* Doc. No. 86 at 115, Mehlman-Orozco Report ("While these counterintuitive reactions are described as byproducts of trauma bonding, they are also partially explained by the restricted life-choices of the victims, prior to and following their commercial sexual exploitation") *with* Doc. No. 12 at 3, Defendant's Answer ("Plaintiff's claims are barred in whole or in part by the doctrines of comparative and/or contributory negligence") *and* Doc. No. 12 at 4, Defendant's Answer ("Plaintiff cannot recover against this Defendant because Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act, or failure to act, by Defendant or its agents."); *Compare also* Doc. No. 86

6

at 139–140, Mehlman-Orozco Report ("Human traffickers should undoubtedly be held criminally and civilly accountable for their crimes and human trafficking survivors should be provided with services and protected from revictimization and erroneous criminalization. However, in my experience, efforts to hold third parties liable, despite no substantive and/or direct involvement with the crime, are at risk of secondarily exploiting the victims and/or secondarily exploiting the topic of trafficking by proffering non-victims as trafficking survivors.") *with* Doc. No. 12 at 3, Defendant's Answer ("Plaintiff's alleged damages were caused by a superseding and intervening act, which was beyond the knowledge or control of Defendant.")[4].

---

[4] Plaintiff maintains that any opinions related to the supposed secondary exploitation of Plaintiff by her attorneys are not relevant to the issues of this case. *See* Doc. No. 106-1 at 17–19. However, in stark contradiction of this Court's ruling in another sex trafficking case on this exact topic, Defendant characterizes Plaintiff's relevance arguments as "frail" and maintains that such opinions are relevant to "account for some of the trauma experienced by E.M., especially by the time of trial." *See* Doc. No. 113 at 18–19. But Defendant provides no case law to support a finding that filing a lawsuit is recognized as an intervening or superseding event that would break the causal chain of liability or would otherwise mitigate the damages owed by Defendant. *See generally* Doc. No. 113. That is because Defendant cannot demonstrate that such a consequence is unforeseeable. *Ontario Sewing Machine Co., Ltd. v. Smith*, 275 Ga. 683, 686–687 (2002) ("…if the character of the intervening act claim[ing] to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." (internal citations omitted)). And, as a matter of public policy, this should not be recognized as a cognizable argument to mitigate such damages as it would create a climate of impunity where wrongdoers could escape full accountability simply because the

Because Defendant improperly uses its "rebuttal" experts to opine on matters known to Defendant since the inception of this lawsuit, and which directly support many of its affirmative defenses, Defendant's experts should be wholly excluded as late-disclosed affirmative expert witnesses.

**III.  Plaintiff's experts' reports contain a complete statement of all opinions the witnesses will express, as required by the Federal Rules of Civil Procedure, and Defendant's experts' opinions fail to solely contradict or rebut those opinions.**

At a minimum, Plaintiff is properly seeking to limit Defendant's rebuttal expert's opinions "to the four corners of the expert reports of Plaintiff's experts." Doc. No. 113 at 17. The Federal Rules of Civil Procedure limit rebuttal opinions to "evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party…" Fed. R. Civ. P. 26(a)(2)(D)(ii). In the context of rebuttal expert opinion, courts are clear that the 'subject matter' to be rebutted is the specific contentions made by the other party's experts. *Little v. Ford Motor Co.*, No. 1:16-CV-00931-ELR, 2017 WL 6994586, at *8 (N.D. Ga. Dec. 21, 2017) (citing *Tuscumbia City Sch. Sys. v. Pharmacia Corp.*, No. CV-12-S-332-NW, 2014 WL 12605648, at *1 (N.D. Ala. Sept. 3, 2014) (internal citation omitted)). As such, Defendant's experts' rebuttal opinions must solely contradict or rebut the specific

---

process of holding such wrongdoers responsible is potentially traumatizing. As such, for purposes of this argument, Plaintiff is assuming, *in arguendo*, that Dr. Mehlman-Orozco's opinions on this topic are relevant and proper (they are not).

contentions made by Plaintiff's experts. *Id.*; Fed. R. Civ. Pro. 26(a)(2)(D)(ii). And it is undisputed that at the time Defendant's expert reports were signed and published to Plaintiff, Plaintiff's experts had not been deposed by Defendant. *See* Doc. No. 106-1 at 14–17.

In compliance with Rule 26(a)(2)(B), Plaintiff's experts' reports contain a complete statement of all opinions the experts will express at trial. As outlined previously, Ms. McDowell's expert assessment and opinion was limited to four specific questions regarding Plaintiff. Those are:

1. What, if anything, made the victim vulnerable to Commercial Sexual Exploitation of Children (CSEC)?
2. What methods, if any, did the victim's trafficker use to exploit the victim?
3. Why did the victim not try to escape or seek help earlier?
4. What sort of effects, if any, has the trafficking had on this victim?

Doc. No. 107 at 15. Defendant improperly gaming a deposition to retroactively justify its experts' opinions does not change the fact that the opinions of Defendant's "rebuttal" experts fail to solely contradict or rebut the specific contentions made by Plaintiff's experts. In fact, Ms. McDowell's opinions do not encompass topics such as apportionment of fault among tortfeasors, minor Plaintiff's "complicity" in her own sex trafficking, controls used to identify sexual misconduct, whether all questionable conduct is sexual misconduct, labor trafficking, commentary on anti-trafficking legislation, gaps between the human trafficking narrative and reality,

secondary exploitation, or any other opinion improperly provided by Defendant's alleged "rebuttal" experts.[5] These topics were unnecessarily and improperly expanded[6] by Defendant's experts and as such, should be excluded. *See* Doc. No. 106-1 at 11–14.

Additionally, as it relates to Plaintiff's security expert, beyond stating that Dr. Mehlman-Orozco's opinions and methodology respond to Dr. Atlas's opinions on the topic of sex trafficking broadly, Defendant does not attempt to address any of Plaintiff's arguments or Dr. Atlas's specific opinions. *See generally* Doc. No. 113. This is because it cannot explain, for example, how Dr. Mehlman-Orozco's opinions and commentary on the topic of labor trafficking contradict or rebut Plaintiff's security expert's opinions on the security (or lack thereof) at Defendant's budget motel. Doc. No. 106-1 at 12. Similarly, Defendant cannot explain how Dr. Mehlman-

---

[5] Detailing every topic on which Ms. McDowell will *not* opine is impossible. Instead, Plaintiff highlights specific examples of Ms. McDowell's opinions that do not touch on Defendant's improper rebuttal expert opinions. Plaintiff identifies each of Defendant's experts' improper rebuttal opinions in Plaintiff's Brief in Support of Plaintiff's Motion. Doc. No. 106-1 at 6–14.

[6] Importantly, Ms. McDowell simply does not opine that "E.M.'s trauma and resultant psychological effects were derived solely from her time at Defendant's hotel." Doc. No. 113 at 6, 10; *See generally* Doc. No. 107; Doc. No. 108. Such a conclusion could not reasonably have surprised Defendant, as it was wholly crafted by Defendant and its "rebuttal" experts. Doc. No. 113 at 6; Doc No. 86 at 10. As such, any opinion that E.M.'s trauma and resultant psychological effects were not derived solely from her time at Defendant's hotel does not contradict or rebut Ms. McDowell's specific contentions.

Orozco's opinions on the "secondary exploitation" of sex trafficking victims by tort attorneys contradict or rebut any of Dr. Atlas's opinions. Doc. No. 106-1 at 13–14. These "rebuttal" opinions are simply not proper rebuttal and should be excluded as such.

Further, Defendant's cited cases do nothing to refute the fact that Defendant's experts' opinions must solely contradict or rebut the specific contentions made by Plaintiff's experts' opinions. Fed. R. Civ. P. 26(a)(2)(D)(ii); *Little*, 2017 WL 6994586, at *8. In fact, Defendant's cases support the exclusion of its rebuttal experts.

For example, in *Ohio State Troopers Ass'n, Inc. v. Point Blank Enterprises, Inc.*, 2020 WL 1666763 (S.D. Fla Apr. 3, 2020), the rebuttal expert was excluded as a "belatedly-disclosed affirmative expert." *Id*. at *10. The court found that "While it [was] permissible for Defendant to use [the rebuttal expert] to attack [the affirmative expert], his assumptions, and his methodology, it is not permissible to use [the rebuttal expert] as a rebuttal expert on an issue on which [the affirmative expert] is not offered." *Id*. (emphasis omitted). On that subject matter, the rebuttal expert "delved into a 'separate and distinct analysis' that was improper for a rebuttal expert" where the affirmative expert he purported to rebut was not offered to opine on that issue. *Id*. In other words, the rebuttal expert's opinions that did not address the

specific contentions of the affirmative expert were excluded. That same conclusion should be reached in this case.

In *United States ex rel. Raven v. Georgia Cancer Specialists I, P.C.*, 2018 WL 11220441 (N.D. Ga. July 3, 2018), the rebuttal expert addressed the same subject matter as the affirmative expert but "provide[d] a contradictory conclusion," to the affirmative expert's specific contentions. *Id*. at *5. Thus, that expert did precisely what Defendant's experts failed to do in this case—contradict or rebut the specific contentions of the affirmative experts *on the same subject matter*. And *Lebron v. Royal Caribbean Cruises, Ltd.*, is inapplicable because Plaintiff does not move to exclude Defendant's experts on the basis that their expertise is not identical to that of the affirmative experts they are allegedly rebutting. 2018 WL 3583002, at *6 (S.D. Fla. July 26, 2018). Instead, Plaintiff points to many opinions advanced by Defendant's rebuttal experts that do not contradict or rebut the Plaintiff's experts' specific contentions (or any assumptions underlying those contentions). *See generally* Doc. No. 106-1 at 7–14.

Finally, it matters not whether Defendant's experts' opinions are merely "relevant" to Plaintiff's experts' opinions. Again, to qualify as proper rebuttal testimony, the opinions must *solely contradict or rebut* the specific contentions made by Plaintiff's experts' opinions. Fed. R. Civ. P. 26(a)(2)(D)(ii); *Little*, 2017 WL 6994586, at *8. Defendant's experts' "rebuttal" opinions fail to meet this critical

threshold. For example, Defendant contends that Dr. Mehlman-Orozco's opinions and commentary on the increase in public awareness of human trafficking are "relevant" to Ms. McDowell's opinion that "E.M. is a tragic example of why a business like a motel should not turn a blind eye to what the motel may view as voluntary prostitution." Doc. No. 113 at 16; Doc. No. 107 at 19. But, in that section, she comments and opines on the enactment of the TVPRA (Doc. No. 86 at 95), the adoption of the Palermo Protocol and its purpose (Doc. No. 86 at 95–96), the increase in anti-trafficking task forces, hotlines, and survivor services (Doc. No. 86 at 96), Georgia's anti-trafficking legislation (Doc. No. 86 at 96–97), and the confusion that "vague and sometimes conflicting legal definitions" may cause (Doc. No. 86 at 97).[7] These opinions are not contradictory to E.M's experts, nor are they relevant to this litigation at all. As such, Defendant's experts' opinions fail to meet the requirements for rebuttal testimony.

---

[7] *Compare* Doc. No. 107 at 13. ("Laypersons will often misperceive a youth's susceptibility to the ploys of a trafficker as the youth choosing to be a willing participant in their exploitation.") *with* Doc. No. 86 at 109 ("It is believed that key aspects of the legal definition were intentionally left vague to achieve legislative consensus, but this has resulted in the indiscriminate conflation of legal concepts and misidentification of victims. Even law enforcement and medical health providers are not consistently trained and, even when trained, misidentify victims of sex trafficking with frequency.").

Even if this Court permits the testimony of Defendant's late-disclosed experts, Defendant's experts' "rebuttal" opinions should be confined to solely contradicting or rebutting the specific contentions raised by Plaintiff's experts.

## CONCLUSION

For the reasons set forth herein, as well as for the reasons discussed in Plaintiff's motion, both Defendant's experts' opinions should be excluded as improper direct, or affirmative expert opinions. The opinions offered by Mr. Prescott and portions of the opinions offered by Dr. Mehlman-Orozco are improper rebuttal evidence because they address issues central to the case and pertinent to Defendant's defense that have been known to Defendant since the inception of this case. Further, because Defendant's experts do not solely contradict or respond to the specific contentions made by the Plaintiff's experts, their opinions should be wholly excluded or substantially limited "to the four corners of the expert reports of Plaintiff's experts." And Defendant cannot be permitted to convert their "rebuttal" experts into affirmative experts now. Based on the foregoing, Plaintiff respectfully asks that this Court exclude the opinions of Defendant's "rebuttal" experts.

Respectfully submitted this 30th day of January, 2024.

                            **ANDERSEN, TATE, and CARR, P.C.**

                            */s/ Patrick J. McDonough*
                            _____
                            Patrick J. McDonough
                            Georgia Bar No. 489855
                            pmcdonough@atclawfirm.com
                            Trinity Hundredmark
                            Georgia Bar No. 140808
                            thundred@atclawfirm.com
                            Jonathan S. Tonge
                            Georgia Bar No. 303999
                            jtonge@atclawfirm.com
                            Attorneys for Plaintiff

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1D, Counsel certifies that the foregoing document complies with the font and point selections approved by the Court in L.R. 5.1.C. This document was prepared using Times New Roman 14-point font.

Respectfully submitted this 30th day of January, 2024.

                                   **ANDERSEN, TATE, and CARR, P.C.**

                                   ***/s/ Patrick J. McDonough***
                                   Patrick J. McDonough
                                   Georgia Bar No. 489855
                                   pmcdonough@atclawfirm.com
                                   Trinity Hundredmark
                                   Georgia Bar No. 140808
                                   thundred@atclawfirm.com
                                   Jonathan S. Tonge
                                   Georgia Bar No. 303999
                                   jtonge@atclawfirm.com
                                   *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| E.M., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | CIVIL ACTION FILE NO. |
| v. | : | 1:22-cv-02559-WMR |
| | : | |
| TUCKER INN, INC., d/b/a, | : | |
| AMERICA'S BEST VALUE INN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that Plaintiff by and through her attorneys delivered a true and correct copy of the foregoing, filed with the Court in the above-styled case, by electronic service through filing in the Court's electronic case files ("ECF") system which will automatically send notification of such filing to the attorneys of record.

Respectfully submitted this 30th day of January, 2024.

                                            **ANDERSEN, TATE, and CARR, P.C.**

                                            */s/ Patrick J. McDonough*
                                            Patrick J. McDonough
                                            Georgia Bar No. 489855
                                            pmcdonough@atclawfirm.com
                                            Trinity Hundredmark
                                            Georgia Bar No. 140808
                                            thundred@atclawfirm.com

17

Jonathan S. Tonge  
Georgia Bar No. 303999  
jtonge@atclawfirm.com  
*Attorneys for Plaintiff*

One Sugarloaf Centre  
1960 Satellite Boulevard, Suite 4000  
Duluth, Georgia 30097  
(770) 822-0900 | Telephone  
(770) 822-9680 | Facsimile