# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**1:22-cv-02559-WMR**
**M. v. Tucker Inn Inc.**
**Honorable William M. Ray, II**

Minute Sheet for proceedings held In Open Court on 05/13/2024.

| | |
|---|---|
| TIME COURT COMMENCED: 9:30 A.M. | |
| TIME COURT CONCLUDED: 12:45 P.M. | COURT REPORTER: Geraldine Glover |
| TIME IN COURT: 3:15 | DEPUTY CLERK: Sherri Lundy |
| OFFICE LOCATION: Atlanta | |

**ATTORNEY(S) PRESENT:** Tracy Gilmore/Marissa Merrill/Kori Wagner representing Tucker Inn
Trinity Hundredmark/Pat McDonough/Jonathan Tongue representing E. M.

**MOTIONS RULED ON:**
[95]Motion for Summary Judgment TAKEN UNDER ADVISEMENT
[98]Motion to Exclude DENIED
[99]Motion to Exclude DENIED
[106]Motion to Exclude GRANTED IN PART & DENIED IN PART

The Court takes the Motion for Summary Judgment [Doc. 95] under advisement and will issue a written order. The Court DENIES both of the Motions to Exclude Testimony of Randall Atlas [Doc. 98] and Naeshia McDowell [Doc. 99] as submitted because the Defendant sought to exclude both Mr. Atlas and Ms. McDowell from testifying entirely by claiming that they were not qualified to do so under the Daubert standard. However, during oral argument, counsel for Defendant admitted that each witness is qualified as an expert to testify as to some, but perhaps not all, of the issues presented. Moreover, the Defendant did not specifically delineate within each motion the items or points within each witnesses' report that such witness was or was not qualified to testify about. Accordingly, the Court invites the Defendant to file new

motions in limine, in accordance with Daubert principles, in which the Defendant delineates each topic or point of testimony that said witness is not qualified to testify about, which will include a one paragraph description or explanation as to why said witness is unable to testify as to said point. Before filing the motion, the Defendant shall share the document with Plaintiff and allow the Plaintiff to also provide a one paragraph explanation as to each point challenged as to why said witness is qualified and may offer said testimony. The Defendant shall then file the consolidated document with the Court, and the Court will schedule a hearing to consider the parties' arguments. This document should be filed with the Court within thirty days of today's date. As it relates to Plaintiff's Motion to Exclude the Report and Testimony of Defendant's Rebuttal Experts David Prescott and Dr. Kimberly Mehlman-Orozco [Doc. 106], the Court DENIES the motion insofar as it requests that their testimony be excluded. Instead, the Court exercises its discretion to allow these experts to testify to all the matters contained in their expert reports, subject to the Federal Rules of Evidence. Plaintiff must inform Defendant within sixty days if Plaintiff wishes to depose Mr. Prescott or Dr. Mehlman-Orozco, to call her own rebuttal experts to address topics covered by Mr. Prescott or Dr. Mehlman-Orozco, or to elicit additional testimony from her current experts to rebut the opinions of Mr. Prescott or Dr. Mehlman-Orozco. Alternatively, if Plaintiff does not call her current experts to testify at trial, Mr. Prescott and Dr. Mehlman-Orozco will not be allowed to testify.

HEARING STATUS:        Hearing concluded.