IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| E.M.,<br><br>    Plaintiff,<br><br>v.<br><br>TUCKER INN INC. d/b/a/ AMERICA'S BEST VALUE INN,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>1:22-CV-02559-WMR |

**DEFENDANT TUCKER INN INC. D/B/A AMERICA'S BEST VALUE INN'S MOTION AND SUPPORTING BRIEF FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

COMES NOW, Defendant Tucker Inn Inc. d/b/a America's Best Value Inn (hereinafter "Defendant" and/or "Tucker Inn"), and pursuant to 28 U.S.C. § 1292(b), files this Motion and Supporting Brief for Certification of Interlocutory Appeal of this Court's Order denying Defendant's Motion for Summary Judgment [Doc. 155]. In support of this Motion, Defendant respectfully shows the Court as follows:

## INTRODUCTION

This case arises out of Plaintiff's allegation that she was trafficked for sex as a minor in June of 2017 at the America's Best Value Inn hotel that was owned and

-1-

operated by Defendant Tucker Inn. Plaintiff filed suit against the Defendant for violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), which is codified at 18 U.S.C. § 1591, *et seq.*, and a state law claim of public nuisance. Defendant moved for summary judgment on these claims arguing Plaintiff's TVPRA claim must fail because there was no evidence in the record to establish that (1) the Defendant participated in a venture with her trafficker that violated the TVPRA as to Plaintiff because Plaintiff herself rented the hotel room and there were no interactions between the hotel and her trafficker; and (2) that Defendant did not have constructive or actual knowledge of the sex trafficking venture of Plaintiff *specifically* because there were no interactions between the hotel and Plaintiff that should have raised the hotel's suspicion about her sex trafficking. Defendant relied heavily on the United States Court of Appeals for the Eleventh Circuit's decision in Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 726 (11th Cir. 2021). Defendant also argued that Plaintiff's claim for public nuisance failed because it did not harm all persons who entered the sphere of the property as required by O.C.G.A. § 41-1-2. This Court ultimately denied Defendant's Motion for Summary Judgment in its Order issued on July 15, 2024. See Order [Doc. 155]. Defendant now comes before this Court seeking certification for an interlocutory appeal of the denial of summary judgment because there are controlling questions of law where there is currently substantial grounds for a difference of opinion, and

such an appeal could materially advance the termination of this case and avoid the need for trial. See 28 U.S.C. § 1292(b).

I.  **Immediate Appellate Review is Appropriate**

    A.  **Legal Standard for Interlocutory Appeal**

A district court's denial of a motion for summary judgment is immediately reviewable pursuant to the provisions of 28 U.S.C. § 1292(b) for interlocutory appeal, which requires that the district court certify that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); Simpson v. Carolina Builders Corp., 222 Fed. App'x. 924, 925 (11th Cir. 2007); McFarlin v. Conseco Servs., 381 F.3d 1251, 1257—59 (11th Cir. 2004).

In McFarlin, the Eleventh Circuit elaborated on each of these three requirements for an interlocutory appeal pursuant to 28 U.S.C. 1292(b). 381 F.3d at 1257—59. An interlocutory appeal is proper for questions (1) of pure law "capable of being packaged as 'an abstract legal issue' that the court of appeals 'can decide quickly and cleanly without having to study the record'"; (2) with a substantial ground for an opinion to exist, where the district court and Eleventh Circuit Court are not "in complete and unequivocal agreement"; and (3) that which would materially advance the case to avoid trial or otherwise shorten the litigation.

United States ex. Rel. Heller v. Guardian Pharmacy of Atlanta, LLC, No. 1:18-CV-03728-SDG, 2024 WL 102211, at *2 (N.D. Ga. Jan. 9, 2024); McFarlin, 381 F.3d at 1257—59.

In this case, all three requirements are present for the Court to certify its July 15, 2024, Order [Doc. 155] for appellate review. The Court's denial of Defendant's Motion for Summary Judgment involves controlling questions of law where there is a substantial ground for difference of opinion as demonstrated by conflicting opinions by the district court on the same issues and the adjudication of these issues presented to the Eleventh Circuit could result in the ultimate termination of this case as a matter of law.

**B.    There are controlling issues of law.**

Controlling questions of law that fall within the scope of 28 U.S.C. § 1292(b) are those involving dispositive issues, such as whether a claim exists as a matter of law. Proxair, Inc. v. Fla. Power & Light Co., 64 F.3d 609, 611 (11th Cir. 1995) (denial of summary judgment reviewed and reversed); Wallace v. Dunn Constr. Co., 62 F.3d 374, 377 (11th Cir. 1995) (denial of partial summary judgment reviewed and reversed). These questions must be of pure law, rather than a dispute as to the applicability of law to the facts of the case. See McFarlin, 381 F.3d at 1259. The purpose of requiring a question of pure law is to "give it

general relevance to other cases in the same area of law. And the answer to that question must substantially reduce the amount of litigation left in the case." Id.

Here, the controlling issues of law that should be addressed on appeal are as follows:

(1) Whether a hotel operator's observation of prostitution and sex trafficking at the hotel property amounts to participation in a venture in violation of the TVPRA as to the Plaintiff?

(2) Whether accepting money for the room rental is sufficient to establish the hotel's participation in a venture in violation of the TVRPA?

(3) If all persons who enter the sphere of operation are not harmed, is an appreciable blighting effect on the surrounding community sufficient to prove a claim for public nuisance?

**C.     There is a substantial ground for difference of opinion.**

There is little case law interpreting the elements of a TVPRA beneficiary claim at the motion for summary judgment stage. However, the district court recently issued orders with conflicting rulings on similar summary judgment motions filed by defendant hotel operators against TVPRA claims. In an order published on June 14, 2024, Judge Boulee granted summary judgment for the defendant hotel operator ruling that "[i]t is not enough for the purposes of the participation prong that [the defendant] knew or should have known that sex

trafficking was occurring at its property…Plaintiff must show *more* than [the defendant's] knowledge of the illicit activity and its rental of the rooms to Plaintiff's traffickers." G.W. v. Northbrook, Industries, Inc., 1:20-CV-05232-JPB, --F.Supp.3d--, 2024 WL 3166083, at *5 (N.D. Ga. June 14, 2024) (emphasis in original). Judge Boulee further ruled that for the plaintiff to prevail, she must show "at least some connection between [the defendant's] and her traffickers' actions, and that [the defendant] took steps to advance the object of that relationship." Id.

In the instant case, this Court ruled that a jury question existed as to the participation element of a TVPRA claim because "Defendant took money directly from Plaintiff, who was then 16 years old, and rented a room to her, not her trafficker." See Order [Doc. 155], at p. 8. This Court further explained that there was a genuine issue of material fact as to Defendant's participation in a venture because of the alleged observation of other sex trafficking victims previously assigned to rooms on the back of the property, where Plaintiff was also assigned her room by Defendant's front desk clerk. Id.

The substantial ground for difference of opinion is evident when Judge Boulee's order is compared to the Order denying this Defendant's Motion for Summary Judgment [Doc. 155]. Although the facts in these cases are different because Plaintiff rented her hotel room in the instant case and in G.W. the room

was rented by the trafficker, there are grounds for differences of opinion on the controlling questions of law because this District Court has issued two orders interpreting the law differently – specifically, the participation element of a TVPRA claim. Notably, in G.W., the Court emphasized the implication of the suggestion that a plaintiff need only show the defendant taking part in a common undertaking or enterprise involving risk and potential profit would mean "the venture need not involve the trafficker and that simply running a hotel business (*i.e.,* taking part in a commercial enterprise for profit) satisfies the participation prong" and *"[t]hat cannot be what the Eleventh Circuit intended."* G.W., 2024 WL 3166083, at *6 (emphasis added). Yet, in comparison, this Court ruled that "a jury could conclude that Defendant took affirmative steps – i.e., participated – in a venture to sex traffic Plaintiff" by renting her the room. See Order [Doc. 155], at p. 8. Furthermore, this Court found a genuine issue of material fact as to whether Defendant participated in a sex trafficking venture because of activities of other sex trafficking victims that occurred on the backside of the hotel, where Plaintiff was also assigned a room. But the ruling in G.W. is, again, contradictory because the Court expressly ruled that such evidence is not enough and instead held that "Plaintiff must show *more* than [the defendant's] knowledge of the illicit activity and its rental of the rooms to Plaintiff's traffickers." G.W., 2024 WL 3166083, at *5.

There are also substantial grounds for a difference of opinion regarding Plaintiff's claim for public nuisance. In its Order, this Court emphasized its doubt of the viability of such a claim because of the inherently personal nature of the crime of sex trafficking and the fact that not all persons who entered the hotel property were similarly injured. See Order [Doc. 155], at p. 21. This Court even cited to two cases in which there were contrary opinions on the interpretation of requirements for a public nuisance claim: Doe v. Saint Joseph's Catholic Church, 357 Ga. App. 710, 717 (2020), *reversed in part on other grounds*, Doe v. Saint Joseph's Catholic Church, 313 Ga. 558 (2022), and McArthur v. Beech Haven Baptist Church of Athens, 361 Ga. App. 877 (2021).

In Doe v. Saint Joseph's Catholic Church, the Georgia Court of Appeals ruled that the plaintiff's molestation was a direct injury, but it did not harm all, or most, persons who visited the church. 357 Ga. App. at 717. Despite there being multiple victims of abuse at the church over the years, the court dismissed the public nuisance claim against the church because the injury did not harm all persons who came into its sphere of operation. Id. The court further noted the plaintiff did not argue that "church operations had a blighting effect on the surrounding community, such as a gambling establishment or unlicensed liquor store" and rather, the community was unaware of the harm. Id. In a similar case, McArthur v. Beech Haven Baptist Church of Athens, the Georgia Court of Appeals

again ruled that the plaintiff's molestation was not sufficient to state a claim for public nuisance because even if there were multiple victims, the conduct did not harm all persons who came into contact with the church. 361 Ga. App. at 881.  In that case, the plaintiff also did not allege that the conduct had an appreciable blighting effect on the surrounding community to be considered at the motion to dismiss stage. Id.

Despite these rulings, in the Order denying Defendant's Motion for Summary Judgment, this Court found sufficient evidence that the operation of the hotel damaged all persons who come within the sphere of its operation because it had a tendency to breed crime since there was evidence of 19 different arrests at the property for sexual-related offenses between 2011-2017, and thus, "had an appreciable blighting effect on the surrounding community." See Order [Doc. 155], at p. 21.  This ruling demonstrates a stark difference of opinion compared to the Georgia Court of Appeals' rulings in Doe and McArthur because this Court held that there were multiple victims of crime on the property, which was enough to create a jury question because there was an appreciable blighting effect on the community even though not all persons who entered the property were harmed as required O.C.G.A. § 41-1-2.

If the above questions of controlling law are certified for an interlocutory appeal, the Eleventh Circuit would have the opportunity to answer these questions, which currently provide substantial grounds for differing opinions.

**D.  An immediate appeal would materially advance the ultimate termination of this case.**

In describing the nature of this final requirement, the Eleventh Circuit held that "[t]his is not a difficult requirement to understand. It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." McFarlin, 381 F.3d at 1260; see also In re Managed Care Litig., 2002 WL 1359736, *7 (S.D. Fla. 2002) ("In determining whether to certify an order for interlocutory appeal, the court should assess the probability that its decision was in error, as well as the extent to which additional time and expense might be saved by the appeal."); see also Dimuccio v. D'Ambra, 779 F. Supp. 1318, 1324 (M.D. Fla. 1991)).  Upon appellate review, if the Eleventh Circuit answered these controlling questions of law, then this case would be resolved without further need for trial because if the Eleventh Circuit Court granted summary judgment as to Plaintiff's TVPRA and nuisance claims, the ancillary claims for punitive damages and attorneys fees also fail.

Moreover, certifying the Order [Doc. 155] for an interlocutory appeal would allow the Eleventh Circuit Court to weigh in on the issues presented and provide necessary clarity to litigants in the Northern District and the Eleventh Circuit's

jurisdiction as this emerging area of the law (*i.e.,* TVPRA claims and ancillary claims like public nuisance) continues to develop.  An immediate review by the Eleventh Circuit Court promotes judicial efficiency as further interpretation by the Court on these issues will provide guidance to all parties on the necessary elements for a TVPRA and public nuisance claim.

## CONCLUSION

For the reasons cited herein, Defendant Tucker Inn, Inc. d/b/a America's Best Value Inn respectfully requests this Court GRANT it's Motion for Certification of Interlocutory Appeal regarding the Order denying Defendant's Motion for Summary Judgment [Doc. 155].

Respectfully submitted, this 25th day of July, 2024.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Marissa H. Merrill*

_____
KORI E. WAGNER
Georgia Bar No. 155438
MARISSA H. MERRILL
Georgia Bar No. 216039
TRACY A. GILMORE
Georgia Bar No. 633193
*Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA  30309
Telephone: (404) 874-8800
Facsimile: 404-888-6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com

tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF FONT & CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was prepared in Times New Roman 14-point font in conformance with Local Rules 5.1C and 7.1(D), and that I have served a copy of ***DEFENDANT TUCKER INN, INC. D/B/A AMERICA'S BEST VALUE INN'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL*** with the Clerk of Court via electronic transmission using the CM/ECF system and served a copy of the foregoing electronically upon all parties of record via CM/ECF:

Patrick J. McDonough
Jonathan S. Tonge
Trinity Hundredmark
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
thundred@atclawfirm.com

This 25th day of July, 2024.

                         **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                         */s/ Marissa H. Merrill*
                         _____
                         KORI E. WAGNER
                         Georgia Bar No. 155438
                         MARISSA H. MERRILL
                         Georgia Bar No. 216039
                         TRACY A. GILMORE
                         Georgia Bar No. 633193
                         *Attorneys for Defendant*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA  30309
Telephone: (404) 874-8800
Facsimile: 404-888-6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

4888-0054-4467, v. 1