# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| E.M., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE NO. |
| v. | : | |
| | : | 1:22-cv-02559-WMR |
| | : | |
| TUCKER INN INC., d/b/a | : | |
| AMERICA'S BEST VALUE INN, | : | |
| | : | |
| Defendant. | : | |

---

## **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION AND SUPPORTING BRIEF FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

---

Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Trinity Hundredmark
Georgia Bar No. 140808
thundred@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## **INTRODUCTION**

Despite Defendant's contention, there are five—not three—elements Defendant must meet before the Court could take the "extraordinary" and "exceptional" step of certifying this case for appeal. *Robinson v. Akal Sec., Inc.*, 1:17-CV-03658-WMR, 2023 WL 3749574, at *5 (N.D. Ga. Apr. 24, 2023) (Ray, J.), *aff'd sub nom. Robinson v. Holman*, 23-11735, 2024 WL 2860221 (11th Cir. June 6, 2024). Omitting an element (or two) from its request for appeal is sufficient reason to deny Defendant's motion. *See Monroe Cnty. Emps.' Ret. Sys. v. S. Co.*, 333 F. Supp. 3d 1315, 1328 (N.D. Ga. 2018) (denying request for appeal because Defendant admitted one element was not met). But even a cursory analysis of Defendant's motion shows it fails to satisfy the three elements it correctly identified.

One example is Defendant's swing and a miss on the "substantial ground for difference of opinion" requirement. As Defendant explained in its motion, that element requires that the Court "and *Eleventh Circuit Court* are not 'in complete and unequivocal agreement.'" [Doc. No. 158 at 3] (emphasis added).[1] Defendant makes no argument that the Court's order is not in complete agreement with the

---

[1] Quoting *United States ex rel. Heller v. Guardian Pharmacy of Atlanta, LLC*, 1:18-CV-03728-SDG, 2024 WL 102211, at *2 (N.D. Ga. Jan. 9, 2024); *McFarlin v. Conseco Servs.*, LLC, 381 F.3d 1251, 1264 (11th Cir. 2004), abrogated on other grounds as stated in *White Sands Grp., L.L.C. v. PRS II, LLC*, 32 So.3d 5 (Ala. 2009).

Eleventh Circuit. Instead, Defendant's argument regarding difference of opinion on the TVPRA—section C of its motion—relies on a single opinion by another district court judge and does not reference an Eleventh Circuit opinion at all. That's because the only binding Eleventh Circuit opinion agrees with this Court's analysis, as the Court demonstrated at length in its order. [Doc. No 155 at 6–13]. On the other hand, district court judges frequently disagree, and that common occurrence provides no basis for the "rare exception" of an interlocutory appeal. *McFarlin*, 381 F.3d at 1264. This failure is dispositive of Defendant's motion.

Additionally, Defendant's questions of supposedly "pure law" on their face involve the application of facts to the law, another scenario that prohibits the extraordinary measure of an interlocutory appeal. *Robinson*, 2023 WL 3749574, at *6. As this Court held in *Robinson*, Defendant's questions "would require the Eleventh Circuit to apply the law to the facts to determine whether the parties here have the type of relationship Plaintiff alleges." *Id.* Here*,* two of Defendant's questions present one lone fact in each question, but ignore the dozens of other facts the Court relied upon in its order. Thus, any appeal would not be decided by answering these questions. It would instead require the wholesale re-litigation of summary judgment, arguing, for example, that Defendant's observation of prostitution and sex trafficking at the hotel was *not* the only evidence considered

1

by the Court in denying summary judgment. As such, Defendant's questions are

misleading and dispositive of nothing, because the evidence relied upon in the

Court's analysis was not limited to those facts. *See* [Doc. No. 155 at 7–9] (finding,

*inter alia*, evidence that Defendant did more than observe and took money directly

from the 16-year-old Plaintiff, assigned her a room on the back side of the hotel

where other witnesses testified Defendant concentrated their trafficking, etc.).

Similarly, Defendant's third question posits a holding the Court did not make in its

order and which would not affect the outcome of the Court's denial of summary

judgment.

Because Defendant fails to meet any of the required elements necessary for

an interlocutory appeal, its motion should be denied, and this case should proceed

to its scheduled trial date.

## I.    LEGAL STANDARD

This Court has held that:

Certification of an interlocutory appeal under 28 U.S.C. § 1292(b) is an
extraordinary measure that is permitted only in exceptional circumstances.
*McFarlin v. Conseco Serv., LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004). The
Eleventh Circuit has explained that the following five conditions must be
met before it will consider an interlocutory appeal under 28 U.S.C. § 1292:
"(1) the issue is a pure question of law, (2) the issue is 'controlling of at least
a substantial part of the case,' (3) the issue was specified by the district court
in its order, (4) 'there are substantial grounds for difference of opinion' on
the issue, and (5) 'resolution may well substantially reduce the amount of
litigation necessary on remand.'" *Mamani v. Berzain*, 825 F.3d 1304, 1312

2

(11th Cir. 2016) (quoting *McFarlin*, 381 F.3d at 1253). The moving party bears the burden to "make the showings necessary to establish a right to interlocutory appeal." *CSX Transp., Inc. v. Kissimmee Util. Auth.*, 153 F.3d 1283, 1286 (11th Cir. 1998).

*Robinson*, 2023 WL 3749574, at *5. The Eleventh Circuit has cautioned against the "too expansive use" of such appeals, noting that "permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *McFarlin,* 381 F.3d at 1259. Interlocutory appeals should be the "rare exception" to the rule that the "great bulk" of appellate review occurs after final judgment. *Id*. at 1264.

## II.   ARGUMENT

Defendant makes no argument regarding elements two and three above. That is sufficient reason to deny Defendant's motion. However, Defendant is wrong on the three elements it did choose to discuss, and for the additional reasons below, the Court should deny Defendant's motion and proceed to trial.

### A.   Defendant's questions of law involve the application of facts to law.

Defendant does not present questions of "pure law" in its motion. Instead, Defendant does two things. First, it asks questions that assume only a single fact from the voluminous record in this case, and that ignore the many other facts the Court relied upon in making its ruling. Second, Defendant presents questions of law that misconstrue the Court's actual order; asking a legal question that is not the

3

one decided by the Court.

This is shown simply by examining the questions Defendant seeks to have certified for appeal.

The first two questions are:

(1) Whether a hotel operator's observation of prostitution and sex trafficking at the hotel property amounts to participation in a venture in violation of the TVPRA as to the Plaintiff?

(2) Whether accepting money for the room rental is sufficient to establish the hotel's participation in a venture in violation of the TVRPA?

[Doc. No. 158 at 5]. Neither of these two questions are pure questions of law. In fact, each question explicitly states a single fact from the case and then asks what is the outcome of applying only that fact to the law. In other words, these two questions ask: Given this one fact, what is the result of applying the law to that fact? But the application of fact to law is not a basis for interlocutory appeal.

"The Eleventh Circuit held that 'what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals [ ]can decide quickly and cleanly without having to study the record.[ ]'" _Robinson,_ 2023 WL 3749574, at *6 (N.D. Ga. Apr. 24, 2023) (quoting _McFarlin_, 381 F.3d at 1258). A pure question of law is one the court can resolve "'without having to delve beyond the surface of the record in order to determine

4

the facts,' as opposed to a case-specific question of 'whether there is a genuine

issue of fact or whether the district court properly applied settled law to the facts or

evidence of a particular case.'" *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir.

2016) (quoting *McFarlin*, 381 F.3d at 1259). Defendant's two questions explicitly

ask whether the Court properly applied the law to two of the facts in the case.

However, because the Court did not resolve summary judgment on the basis

of those two isolated facts alone, neither question is dispositive of anything. The

Court did not deny summary judgment solely because Defendant observed sex

trafficking and prostitution or solely because Defendant accepted money for

renting the room. The Court denied summary judgment because of the context and

inferences from voluminous direct and circumstantial evidence. In addition to

observing prostitution and sex trafficking and taking money for a room rental, the

Court considered evidence that:

- Defendant took money from the 16-year-old Plaintiff to rent a room;

- Defendant assigned her a room on the back side of the hotel where
  several witnesses testified the sex trafficking activity was prevalent;

- Defendant knew where and for how long Plaintiff would be there;

- Other sex trafficking victims' witness testimony that the Defendant
  also assigned them rooms on the back side of the hotel; and

- Witness testimony that "tends to show that Defendant engaged in a
  specific pattern of conduct with sex trafficking victims—perhaps to

5

> avoid detection—is relevant to whether Defendant engaged in a sex
> trafficking venture as to Plaintiff."

[Doc. No. 155 at 7–9 and at n.2]. Additionally, the Court's recitation of the facts it

relied upon in its order shows the full context of Defendant's action and knowledge

of its actions with respect to Plaintiff's trafficking. *Id.* at 1–4. Answering questions

solely about what Defendant saw and Defendant accepting money from the 16-

year-old victim does not eliminate the other overwhelming evidence of

Defendant's participation in sex trafficking ventures at the hotel, including the one

involving Plaintiff.

The third proposed question is:

> (3) If all persons who enter the sphere of operation are not harmed, is
> an appreciable blighting effect on the surrounding community
> sufficient to prove a claim for public nuisance?

[Doc. No. 158 at 5]. This is admittedly closer to the form of a legal question. But,

again, it is a misleading representation of the Court's actual holdings. The Court

never held that all persons who entered the sphere of the nuisance's operation—the

sex trafficking at the hotel—were not harmed. In fact, the Court cited the Georgia

Supreme Court's analysis clarifying that it is not necessary for every person in the

area to have actually been hurt to show a public nuisance. Instead, "'[i]t is

sufficient if it injures those of the public who may actually come in contact with

it.'" [Doc. No. 155 at 19] (quoting *City of Douglasville v. Queen*, 270 Ga. 770, 774

6

(1999)). And though the Court has doubts about the claim's "fit" at trial, the Court held that Plaintiff's public nuisance claim survived summary judgment. *Id.* at 20.

The Court denied summary judgment without holding that the persons who encountered sex trafficking at Defendant's hotel were *not* harmed. In so doing, a fair reading of the order is that the Court found that those persons "who . . . actually come in contact with" sex trafficking at Defendant's hotel *were* harmed by it. *Id.* at 19. Because Defendant's third question presumes a holding the Court didn't make, it too would have no effect on the Court's denial of summary judgment.

"The text of § 1292(b) requires that resolution of a "controlling question of law . . . may materially advance the ultimate termination of the litigation." *McFarlin*, 381 F.3d at 1259. For the reasons above, all three of Defendant's questions would not impact the Court's denial of summary judgment. None of those issues were considered in isolation by the Court, and because of that, none of them are dispositive of any claim. Because Defendant's proposed questions apply the law to facts and are misleading as to the evidence and the Court's holdings, Defendant's motion should be denied.

7

**B.     There is not a substantial ground for difference of opinion on a controlling question of law.**

As noted above, and as stated in Defendant's motion, a substantial ground for difference of opinion exists, "where the district court and *the Eleventh Circuit Court* are not 'in complete and unequivocal agreement.'" [Doc. No. 158 at 3] (citing *Heller*, 2024 WL 102211, at *2; *McFarlin*, 381 F.3d at 1257–59) (emphasis added). But Defendant makes no argument that the Court's order is not in complete and unequivocal agreement with the Eleventh Circuit. Instead, Defendant only argues that another district court judge, looking at different evidence about a different hotel and a different victim in a different case, reached a different result when applying those facts to the law. *Id.* at 5–10. This is a common occurrence. If a disagreement between two district court judges looking at different facts created an avenue for interlocutory appeal, the courts of appeal would soon be overrun.

The only binding Eleventh Circuit opinion—*Doe #1 v. Red Roof Inns, Inc.*—agrees with this Court's analysis, as the Court showed at length in its order. 21 F.4th 714 (11th Cir. 2021); [Doc. No 155 at 6–13]. Several years ago, as a matter of first impression, similar questions were sent to the Eleventh Circuit from this very Court. Those questions were settled by that case, and it is not necessary that they be re-litigated on appeal three years later. The Court correctly applied *Doe #1*, and Defendant makes no argument otherwise.

8

As to the nuisance cases, Defendant simply refers to two Georgia Court of Appeals cases that the Court already cited and discussed in its order. These cases are not contradictory to the Court's order (though reaching a different result on different facts) and also answer Defendant's third question in the affirmative.

In *Doe v. Saint Joseph's Catholic Church*, the analysis of the Court of Appeals found that the plaintiff made allegations about the "wholesomeness and safety of the Church's activities" writ large, but failed to allege that all who came in contact with the church were harmed. 357 Ga. App. 710, 717 (2020), *aff'd in part, rev'd in part,* 313 Ga. 558 (2022), *and vacated,* 365 Ga. App. 331 (2022). Here, unlike targeting the entire church's activities, the nuisance is not defined as all of the hotel's activities, but the sex trafficking activity that was permitted at the hotel and largely concealed by the hotel in the back. Further, the Georgia Court of Appeals went on to note that the plaintiff in *Doe* failed at a possible second bite at the apple that could have salvaged the complaint, by failing to allege the nuisance "had an appreciable blighting effect on the surrounding community." *Id.* The implication is clear that had the plaintiff done so, the complaint would have survived, meaning that either avenue is sufficient. This makes more sense when one considers Georgia courts' clarifications that the statutory definition of nuisance was "not intended to change the common-law definition of a nuisance." *City of*

9

*Albany v. Stanford*, 347 Ga. App. 95, 102, 815 S.E.2d 322, 328 (2018) (Gobeil, J.,

concurring) (quoting *Hill v. McBurney Oil & Fertilizer Co.*, 112 Ga. 788, 38 S.E.

42, 44 (1901)).

Because the Court's order did not disagree with the Eleventh Circuit or

Georgia nuisance cases, Defendant's motion should be denied.

### C.   An interlocutory appeal will not materially advance the ultimate resolution of this case.

As discussed above at pages 5–7, an interlocutory appeal regarding the three

questions posed by Defendant in its motion will not materially affect the Court's

order. The two isolated facts in Defendant's questions one and two do not account

for most of the evidence the Court considered when it applied the law to the facts

in this case. And question three does not accurately reflect the Court's analysis and

holding. Answering that hypothetical does not change the analysis the Court

actually engaged in in its order.

Additionally, there will not be much, if any, time saved by an interlocutory

appeal. The parties are set to try this case in December. After that, as is the normal

course, Defendant is free to appeal the Court's rulings.

### D.   Defendant cannot meet the second or third elements, which Defendant failed to argue in its motion.

Defendant did not address or identify the second and third elements of a

10

§ 1292 request in its motion. That alone is reason enough to deny it. The second and third elements are that the issue is "(2) 'controlling of at least a substantial part of the case,' [and] (3) the issue was specified by the district court in its order[.]" *Robinson*, 2023 WL 3749574, at *5. The reason for avoiding these elements is clear: they are not met by these questions.

For the same reasons as above at pages 5–7, neither of these elements are met. The first two questions do not control a substantial part of the case because they are not dispositive facts, only two facts taken in isolation from hundreds of others. These two questions, along with the third, misrepresent the actual holdings of the Court. And for the same reasons, the issues presented are not the issues specified by the Court in its order. The Court never held that because Defendant observed trafficking and accepted money alone, it participated in a venture. While those were two facts that supported that conclusion, there were many, many others that  the Court relied upon in its analysis. And the Court never stated that everyone who encountered sex trafficking at the hotel was not harmed. Thus, that question is not something specified by the Court.

Because these issues were not addressed—and are not met by Defendant's presented questions, Defendant's motion should be denied. *See Georgia State Conf. of NAACP v. Fayette Cnty. Bd. of Comm'rs*, 775 F.3d 1336, 1349 n.10 (11th

11

Cir. 2015) ("[T]he four controlling questions of law identified by the BOC (and very similar to some of the arguments now raised on appeal) are instead manufactured, wholly inaccurate recitations of the court's ruling, and/or have no relation to the court's order.'") (cleaned up).

## <u>CONCLUSION</u>

The Court correctly applied the overwhelming facts to the law in this case and appropriately ruled on Defendant's motion for summary judgment. A trial of this case is imminently forthcoming, and Defendant's request for certification is merely a delay tactic to deprive Plaintiff of her impending trial. Defendant's motion should be denied.

Respectfully submitted this 2nd day of August, 2024.

**ANDERSEN, TATE & CARR, P.C.**

*/s/ Patrick J. McDonough*_____
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Trinity Hundredmark
Georgia Bar No. 140808
thundred@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

12

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

E.M.,                                    :
                                         :
    Plaintiff,                       :
                                         :     CIVIL ACTION FILE NO.
v.                                       :
                                         :     1:22-cv-02559-WMR
                                         :
TUCKER INN INC., d/b/a                   :
AMERICA'S BEST VALUE INN,                :
                                         :
    Defendant.                       :

## **CERTIFICATION**

This is to certify that the foregoing has been prepared with one of the following font and point selections approved by the court in LR 5.1, NDGA.  Specifically, the above-mentioned pleading was prepared using Times New Roman, 14-point font.

Respectfully submitted this 2nd day of August, 2024.

**ANDERSEN, TATE & CARR, P.C.**

*/s/ Patrick J. McDonough*
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Trinity Hundredmark
Georgia Bar No. 140808
thundred@atclawfirm.com
Jonathan S. Tonge

14

Georgia Bar No. 303999
jtonge@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

15

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| E.M., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE NO. |
| v. | : | |
| | : | 1:22-cv-02559-WMR |
| | : | |
| TUCKER INN INC., d/b/a | : | |
| AMERICA'S BEST VALUE INN, | : | |
| | : | |
| Defendant. | : | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to all counsel of record.

Respectfully submitted this 2nd day of August, 2024.

**ANDERSEN, TATE & CARR, P.C.**

*/s/ Patrick J. McDonough*_____
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Trinity Hundredmark
Georgia Bar No. 140808
thundred@atclawfirm.com
Jonathan S. Tonge

16

Georgia Bar No. 303999
jtonge@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

17