## Attachment "C"
## Plaintiff's Outline of the Case

Plaintiff alleges injuries and damages sustained as a minor victim of sex trafficking at 1600 Crescent Centre Blvd., Tucker, Georgia, 30084 (hereafter, the "ABVI") in and around June 2017.

Plaintiff specifically alleges that Defendant profited from the operation of the ABVI and knew or should have known of prostitution and sex trafficking at their hotel, including Plaintiff's, making them liable to Plaintiff for damages. Tucker Inn, Inc. has owned and operated the property since the late 1980s. At all times relevant to this complaint, Defendant owned, operated, managed, supervised, and controlled the renting of rooms at the ABVI, from which it benefited financially.

Plaintiff asserts that (1) Defendant knew or should have known that the ABVI violated the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. 1595(a) ("TVPRA") and knowingly benefited from participation in ventures that it knew or should have known engaged in sex trafficking in violation of the TVPRA and (2) the operation of the ABVI constituted a public nuisance in violation of O.C.G.A. § 41-1-1, *et seq.*

Plaintiff will seek general non-economic damages under the TVPRA in an amount determined by the enlightened conscience of the jury in light of the evidence presented at trial. This includes, but is not limited to, past, present, and future physical and mental harm and pain and suffering. Plaintiff will seek to hold

Defendant jointly and severally liable for injuries arising out of Plaintiff's claims under the TVPRA.

Plaintiff will seek all damages available under O.C.G.A. §§ 41-1-3 and 41-3-1 in an amount to be determined by the evidence presented at trial and the enlightened conscience of the jury.

Plaintiff also seeks punitive damages under the TVPRA and Georgia law in an amount to be determined by the jury. Plaintiff intends to request between $10 million and $100 million in punitive damages, depending on the testimony and evidence presented at trial. Plaintiff reserves the right to pursue all damages allowed under Georgia and federal law for her injuries and Defendants' unlawful actions.

Finally, Plaintiff will seek to recover reasonable attorney's fees, costs, and expenses under the TVPRA, Georgia law, and any other fee-shifting authority.

## LAW TO BE RELIED UPON BY PLAINTIFF

Plaintiff may rely on the statutes and representative case law listed below, and similar cases, and expressly incorporates by reference as if fully rewritten herein, all statutes and representative case law cited in any parties' summary judgment briefing.

- 18 U.S.C. § 1591, *et seq.*
- O.C.G.A. § 41-1-1, *et seq.*
- *A.B. v. Marriott Int'l, Inc.,* No. CV 19-5770, 2020 WL 1939678 (E.D.

Pa. Apr. 22, 2020)

- *A.G. v. Northbrook Indus., Inc.*, 1:20-CV-05231-JPB, 2022 WL 1644921 (N.D. Ga. May 24, 2022)

- *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997)

- *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)

- *Asphalt Prods. Co. v. Marable*, 65 Ga. App. 877 (1941)

- *Bord v. Hillman*, 335 Ga. App. 18 (2015)

- *Chancey v. Hancock*, 213 S.E.2d 633 (1975)

- *City of Douglasville v. Queen,* 270 Ga. 770 (1990)

- *C.T. v. Red Roof Inns, Inc.*, 2:22-CV-834-JES-KCD, 2023 WL 3510879 (M.D. Fla. Mar. 11, 2023)

- *D.H. v. Tucker Inn Inc.*, 1:22-CV-3419-JPB, 2023 WL 6538391 (N.D. Ga. Sept. 1, 2023)

- *Doe #1 v. Red Roof Inns, Inc.,* 21 F.4th 714 (11th Cir. 2021)

- *Does 1-4 v. Red Roof Inns, Inc.*, 1:21-CV-04278-WMR, 2023 WL 5444261 (N.D. Ga. Aug. 10, 2023)

- *G.G. v. Salesforce.com, Inc.*, 76 F.461 544 (7th Cir. 2023)

- *G. W. v. Northbrook Indus., Inc.*, 1:20-CV-05232-JPB, 2022 WL 1644923 3 (N.D. Ga. May 24, 2022)

- *I.R. v. I Shri Khodiyar, LLC,* No. 1:22-CV-00844-SEG, 2024 WL

1928755 (N.D. Ga. Mar. 18, 2024)

- *J.G. v. Northbrook Indus., Inc.*, 619 F. Supp. 3d 1228 (N.D. Ga. 2022)

- *Johnson St. Props., LLC v. Clure*, 805 S.E.2d 60 (Ga. 2017)

- *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp.3d 959 (S.D. Ohio 2019)

- *McDonald v. Silver Hill Homes, LLC*, 242 Ga. App. 194 (2017)

- *Moreland v. Cheney*, 267 Ga. 469 (1997)

- *Ricchio v. Bijal, Inc.*, 386 F. Supp. 3d 126 (D. Mass. 2019)

- *Ricchio v. McClean*, 853 F.3d 553 (1st Cir. 2017)

- *Rice v. Six Flags Over Ga.*, 257 Ga. App. 864 (2002)

- *Savannah, F. & W. Ry. Co. v. Parish*, 117 Ga. 893 (1903)

- *Sons of Confederate Veterans v. Henry Cnty. Bd. of Comm'rs*, 315 Ga. 39 (2022)

- *S. Y. v. Naples Hotel Co.*, 476 F. Supp.3d 1251 (M.D. Fla. 2020)

- *Tyler v. Lincoln*, 272 Ga. 118 (2000)

- *United Techs. Corp. v. Mazer*, 556 F.3d 1260 (11th Cir. 2009)

- *U.S. v. Bhimani*, 3:17-cr-324, 2021 WL 5179196 (M.D. Pa. Nov. 8, 2021)

- *U.S. v. Coe*, 718 F.2d 830 (7th Cir. 1983)

- *U.S. v. El-Mezain*, 664 F.3d 467 (5th Cir. 2011), as revised (Dec. 27,

Case 1:22-cv-02559-WMR   Document 161-2   Filed 09/03/24   Page 5 of 5

2011)

- *U.S. v. Gewin*, 471 F.3d 197 (D.C. Cir. 2006)

- *U.S. v. Int'l Minerals & Chem. Corp.*, 402 U.S. 558 (1971)

- *U.S. v. Prather*, 205 F.3d 1265 (11th Cir. 2000)

- *U.S. v. Perez,* 698 F.2d 1168 (11th Cir. 1983)

- *U.S. v. Robinson,* 702 F.3d 22 (2d Cir. 2012)

- *U.S. v. Weisz*, 718 F.2d 413 (D.C. Cir. 1983)

- *U.S. v. Whyte*, 928 F.3d 1317 (11th Cir. 2019

- *U.S. v. Wert-Ruiz*, 228 F.3d 250 (3d Cir. 2000)

- *Weller v. Blake*, 315 Ga. App. 214 (2012)

- *W.K. v. Red Roof Inns, Inc.*, 1:20-CV-05263-VMC, 2023 WL 6290523 (N.D. Ga. Sept. 14, 2023)